WARD, Judge.
The City Civil Service Commission brought suit in the Civil District Court seeking a judgment that would declare unconstitutional those sections of Act 690 of 1980 which apply to the Commission. Act 690 amends both LSA-R.S. 15:255 and 15:256 which are set out in the appendix with the amendments incorporated. The Trial Judge upheld the constitutionality of the statute, and the Commission has appealed.
We will first consider that portion of Act 690 of 1980 that amends LSA-R.S. 15:255. The Act changed the earlier law which gave discretion to the City of New Orleans to enact a plan to pay witness fees not less than $15.00, but not more than $30.00 to off-duty law enforcement officers who testify in court. The City declined to enact the earlier suggested plan, probably because it was unwanted by City police officers, who are paid time and one-half of regular pay for testifying on off-duty hours under an existing pay plan adopted by the Commission. Act 690 would change the law by taking away the City’s discretion and requiring the City Civil Service Commission to adopt rules for the payment of witness fees to each law enforcement officer who must testify during his off-duty hours. The Act, vague to say the least, may be interpreted to require the Commission to adopt a plan to pay witness fees in addition to the time and one-half pay, or it may be interpreted to preempt the Commission pay plan and substitute the statutory witness fee plan. The State contends the statute should be interpreted to supplement the City plan; the Commission contends the statute in either event is unconstitutional.
Act 690, after first deleting that part of LSA-R.S. 15:255 which gave discretion to the City of New Orleans to enact a plan, added paragraph (2):
In the city of New Orleans, the Civil Service Commission shall establish rules for the payment of each law enforcement officer who because of his official connection with any criminal case as the arresting officer or in some other official capacity, is required to be present as a witness in any criminal case which is being tried in the Criminal District Court for the parish of Orleans during any time when he otherwise is not required to report to work or perform the duties of his job.
Act 690 also reenacts LSA-R.S. 15:255 B:
The plan adopted for the payment of witness fees to law enforcement officers shall be applicable to all law enforcement officers alike and shall be paid whenever any law enforcement officer is required to be present and is present in one or more cases in such courts during his regular time off.
The Commission argues that Act 690, insofar as it applies to the City Civil Service Commission, conflicts with Article X, Section 10(A)(1) of the Louisiana Constitution which grants to the Commission the exclusive power to make rules related to employment conditions, compensation, and disbursements, and uniform pay plans for police officers. Further, the Commission contends that neither Article X, Section 10(A)(1) nor any other provision of the Constitution grants authority to the Commission to adopt a plan for payment of witness fees, and hence the Commission’s authority cannot be enlarged by an Act of the legislature.
*1006 In answer to the Commission’s contentions, the State first claims that the act is “merely supplementary”, that it does not preempt the Commission’s plan, and that it is not in conflict with Article X, Section 10(A)(1) because Article X, Section 10(A)(1) reserves to the legislature the power to supplement the Commission’s uniform compensation plans for classified employees, and hence it may require the Commission to do so. Alternatively, the State contends that Act 690 is not in conflict with Article X, Section 10(A)(1) because the Act does not require supplemental compensation but only requires the payment of fees, which is distinguishable from compensation. To bolster both of its arguments, the State argues that a statute enacted by the legislature is presumed to be constitutional and that the party challenging that presumption bears the burden of proving the unconstitutionality of the statute. Further, when a court can reasonably do so, it will construe a statute so as to preserve its constitutionality. State v. Everfield, 342 So.2d 648 (La.1977), State v. Devall, 302 So.2d 909, 910 (La.1974).
Considering now the State’s first argument, while it is true that a statute enacted by the legislature enjoys a presumption in favor of its constitutionality, it is also true that “when a statute conflicts with a constitutional provision, the statute must fall.” City of Baton Rouge v. Short, 345 So.2d 37, 40 (La.1977). Article X, Section 10(A)(1) clearly vests the City Civil Service Commission with the exclusive powers to regulate the classified service in matters of compensation disbursements to classified employees, in this case, police officers.
But the State contends that the Constitution reserves to the legislature the power to supplement, by legislation, a uniform pay plan, and it may therefore compel the Commission to adopt a plan to provide for such supplemental compensation. The State relies upon the following words of Article X, Section 10(A)(1) which it claims are only illustrative of the power reserved to the legislature:
Nothing herein shall prevent the legislature from enacting laws supplementing these uniform pay plans for sworn, commissioned law enforcement officers of the Division of State Police, Department of Public Safety and regularly commissioned officers of the Enforcement Division of the Department of Wildlife and Fisheries.
The words are clear; the State’s argument is not. The clear language of the Constitution states that the power reserved to the legislature to enact laws to supplement pay plans is limited to plans that would affect an exclusive group of law enforcement officers: officers of the State Police, Public Safety and Department of Wildlife and Fisheries. The Constitution does not reserve power to the legislature to require the New Orleans City Civil Service Commission to establish a plan to pay supplemental compensation for witness fees to all off-duty law enforcement officers.
In the alternative, the State argues that if the legislature cannot require the Commission to supplement employees’ pay, Act 690 should be interpreted only to require the Commission to adopt a plan for payment of witness fees, which is not compensation within the meaning of Article X, Section 10(A)(1) of the Constitution.
Article X, Section 10(A)(1), however, cannot be fairly interpreted to include the setting of witness fees as one of the powers granted to the Commission. It provides:
Each commission is vested with broad and general rule-making and subpoena powers for the administration and regulations of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; ....
*1007 If, on one hand, Act 690 is interpreted to equate witness fees with compensation, and then to require the Commission to adopt a plan for payment of compensation to off-duty officers, the Act is unconstitutional because Article X, Section 10(A)(1) of the Constitution has given to the City Civil Service Commission the exclusive power to set compensation and disbursements and to adopt uniform pay plans. If, on the other hand, Act 690 is interpreted to require the Commission to adopt a plan for payment of witness fees, it enlarges the Commission’s constitutionally limited scope of authority. In summary, we hold that Act 690 of 1980 amending LSA-R.S. 15:255A(2) is unconstitutional insofar as it applies to the Commission.
Because we have held that Act 690 of 1980 insofar as it amends LSA-R.S. 15:255 to add paragraph A(2) and requires the Commission to adopt a plan to pay witness fees is unconstitutional, it necessarily follows that that portion of Act 690 amending and reenacting LSA-R.S. 15:255B is unconstitutional, insofar as it affects the City Civil Service Commission. It states:
The plan adopted for the payment of witness fees to law enforcement officers shall be applicable to all law enforcement officers alike and shall be paid whenever any such law enforcement officer is required to be present and is present in one or more cases in such courts during his regular time off.
We now consider Act 690 as it amends LSA-R.S. 15:256. Since Act 690 now expressly amends LSA-R.S. 15:256 to exclude the City of New Orleans from its application, we will not consider the constitutionality of LSA-R.S. 15:256, as amended.
For the above reasons, we reverse the ruling of the Trial Judge. We now hold that portion of Act 690 which amends LSA-R.S. 15:255 A(2) is unconstitutional, and also that portion which amends 15:255B, insofar as it applies to the City Civil Service Commission, is unconstitutional.
APPENDIX
CIVIL SERVICE COMMISSION OF THE CITY OF NEW ORLEANS VERSUS WILLIAM J. GUSTE, JR., ATTORNEY GENERAL FOR THE STATE OF LOUISIANA, NO. 13106
Act 690 of 1980.
255. Plans for witness fees to off duty law enforcement officers
A.(l) The governing authority of each parish shall adopt a plan under which each law enforcement officer who because of his official connections with any criminal case as the arresting officer or in some other official capacity, is required to be present as a witness in any criminal case which is being tried in any district court during any time when he otherwise is not required to report to work or perform the duties of his job, shall be paid witness fees in the amount of fifteen dollars for each case for which his presence in the court is required and for which he was present. No officer shall be allowed more than thirty dollars in any one day regardless of the number of cases for which he was required to be present.
(2) In the city of New Orleans, the Civil Service Commission shall establish rules for the payment of each law enforcement officer who because of his official connection with any criminal case as the arresting officer or in some other official capacity, is required to be present as a witness in any criminal case which is being tried in the Criminal District Court for the parish of Orleans during any time when he otherwise is not required to report to work or perform the duties of his job.
B. The plan adopted for the payment of witness fees to law enforcement officers shall be applicable to all law enforcement officers alike and shall be paid whenever any law enforcement officer is required to be present and is present in one or more cases in such courts during his regular time off.

*1008 256. Fees where more than one case on same day
Except as provided in R.S. 15:255, no person shall be allowed, for attendance as a witness in criminal cases, more than is allowed in one case on the same day, or mileage for more than one case at a time. The provisions of this section shall not apply to the city of New Orleans.