428 So.2d 457 (1983)
CIVIL SERVICE COMMISSION OF the CITY OF NEW ORLEANS
v.
William J. GUSTE, Jr., Attorney General for the State of Louisiana.
No. 82-C-2611.
Supreme Court of Louisiana.
February 23, 1983.
William J. Guste, Jr., Atty. Gen., Kendall L. Vick, Evelyn T. Brooks, Asst. Attys. Gen., for defendant-appellant.
Ralph D. Dwyer, Jr., New Orleans, for plaintiff-appellee.
CALOGERO, Justice.
In this case, we have to decide whether constitutionally the Louisiana Legislature may require the Civil Service Commission of the City of New Orleans to establish rules for the payment of witness fees to all off-duty law enforcement officers in the state who are required to be present as witnesses in criminal cases being tried in the Criminal District Court for the Parish of Orleans. We determine that the Legislature may not do so. La.R.S. 15:255(A)(2), added by Act 690 of 1980, is invalid because it requires the New Orleans Civil Service *458 Commission to take on additional duties and responsibilities and assume powers beyond those given them in art. 10 § 10(A)(1) of the Louisiana Constitution of 1974.
The Civil Service Commission initiated this action by seeking a judgment in the Civil District Court for the Parish of Orleans which would declare the pertinent sections of Act 690 of 1980 unconstitutional. The trial judge denied the relief sought and held the act constitutional. He determined that the Act is merely supplementary to, and not in conflict with art. 10 § 10(A)(1), the provision of the Louisiana Constitution of 1974 which prescribes the powers of City and State Civil Service Commissions. He found the Act did not infringe upon the sovereignty and independence of the Civil Service Commission of the City of New Orleans. The Court of Appeal disagreed and found Act 690 of 1980 unconstitutional, insofar as it added paragraph (A)(2) to La. R.S. 15:255, and insofar as the reenacted R.S. 15:255(B) affects the New Orleans City Civil Service Commission. Civil Service Commission of the City of New Orleans v. William Guste, 420 So.2d 1004 (La.App. 4th Cir.1982).
For the reasons which follow, we affirm the judgment of the Court of Appeal.
This group of statutes (La.R.S. 15:255-256), as amended most recently by Act 690 of 1980,[1] was apparently designed to have the state's district courts, through fee schedules and filing fee increases, pay all law enforcement officers (and this would include classified and unclassified officers) who are required to be present as witnesses in criminal cases when they would otherwise not be required to report to work or perform the duties of their job. Before the 1980 amendment, La.R.S. 15:255 had authorized governing bodies of the several parishes and the City Council of the City of New Orleans, within their discretion, to adopt a plan for the payment of witness fees to off-duty law enforcement officers required to appear as witnesses in any criminal case tried in any district court or in the Orleans Parish Criminal District Court. La.R.S. 15:255 (Acts 1966, No. 311 § 2, eff. Jan. 1, 1967). Act 690 of 1980 required the governing authorities to adopt a plan for the payment of such fees. La.R.S. 15:255(A)(1). In changing the statute to mandate rather than simply to authorize the adoption of a pay plan for witness fees, the Legislature also changed the body responsible for establishing the rules for such a plan in New Orleans from the City Council to the New Orleans Civil Service Commission. La.R.S. 15:255(A)(2). It was this change from may to shall, and from the New Orleans City Council to the New Orleans Civil Service Commission, which sparked the litigation now before us.[2]
Considering the provisions of La.R.S. 15:255(D) concerning the source of funds for such fees, it is worth noting that apparently La.R.S. 15:255(A) and (B) do not require the governing authorities of the parishes, nor the New Orleans Civil Service Commission (in the former statute, the New Orleans City Council) to fund these fee payments.[3] Their mandated duty is to establish a plan for the payment of fees, whereupon the district court "shall adopt a schedule of costs which shall be applicable in each case before that court to which such costs are applicable." These proceeds as they are collected are to be placed in a special fund which is to be maintained and *459 administered by the governing authority. La.R.S. 15:255(D). Were La.R.S. 15:255(C) not so express in designating this money as a "fee", the question of whether it might be "compensation" (as relates to the classified New Orleans police officers) would present another pertinent legal question. Our resolution of this case, however, obviates the need to address that concern.
Rather, our inquiry is simply whether the Legislature can mandate the New Orleans Civil Service Commission to assist them in implementing a legislative plan to have all law enforcement officers paid fees for off-duty appearances in the Criminal District Court for the Parish of Orleans. As already indicated we conclude that they may not.
By virtue of art. 10 § 4 of the 1974 Louisiana Constitution, the Civil Service Commission of the City of New Orleans (with jurisdiction over classified employees of the City of New Orleans, including policemen and firemen[4]) is a constitutional body. Its powers are set forth in La. Const. art. 10 § 10(A)(1). That provision reads as follows:
Section 10. (A) Rules. (1) Powers. Each commission [the reference here is to all City and State Civil Service Commissions] is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety. Nothing herein shall prevent the legislature from enacting laws supplementing these uniform pay plans for sworn, commissioned law enforcement officers of the Division of State Police, Department of Public Safety and regularly commissioned officers of the Enforcement Division of the Department of Wildlife and Fisheries. (Emphasis supplied)
Establishing a plan to pay witness fees for all law enforcement officer witnesses called in the Criminal District Court for the Parish of Orleans (albeit this includes classified New Orleans police officers who come under the jurisdiction of the Commission) is not one of those constitutionally enumerated powers of the Commission.
Nonetheless, the Attorney General (whose duty it is to defend legislation from constitutional attack, C.C.P. art. 1880) suggests, and the trial judge found, that the Legislature may expand upon those specified powers of the Civil Service Commission.
The trial judge specifically relied upon Barnett v. Develle, 289 So.2d 129 at 146 (La.1974) to find that the fee schedule statutes were such an expansion, in his words "merely supplementary" to the constitutional provisions, and that "[t]he Legislature, in enacting this statute has simply exercised the power it retained in art. 10 § 10(A)(1)."
However, the Legislature has not by the 1974 Constitution been given any power to *460 supplement the powers and functions of City Civil Service Commission. La. Const. art. 10 § 10(A)(1) merely sets forth the powers and functions of City and State Civil Service Commissions and closes with the reservation that as relates to sworn commissioned law enforcement officers of two state agencies, the Division of State Police Department of Public Safety, and the Enforcement Division of the Department of Wildlife and Fisheries, the Legislature may nonetheless enact laws supplementing the uniform pay plans.
The full text of the portion of Barnett, supra cited by the trial judge is as follows:
In this instance, we rely, however, principally on the ground that Article XIV, Section 15, discloses clear, unmistakable intent to vest in the Commission sole and exclusive authority to establish, supervise and enforce a system of civil service for the City, free of legislative interference save for the right reserved to the legislature pursuant to Section 15(P)(6) [reference is to 1921 Louisiana Constitutional provisions] to amend or repeal existing laws relating to City Civil Service, provided such amendments or new laws are merely supplementary and do not conflict with Section 15.
La. Const. art. 14 § 15(P)(6) (1921) had read:
All existing laws relating to the State or City Civil Service System are continued in force insofar as not in conflict herewith, subject to the power of the Legislature to amend or repeal such laws or adopt new laws, provided said amendments or new laws are supplementary and not in conflict herewith.
Art. 14 § 15(P)(6) of the 1921 Constitution has not been carried over to the 1974 Louisiana Constitution.[5]
Additionally in support of his suggestion that the powers and functions of the Civil Service Commission may be broadened by the Legislature, the trial judge referred to the concluding sentence of La. Const. art. 10 § 10(A)(1) as a non-exclusive listing of Legislative power in relation to classified employees. That sentence merely allows the Legislature to supplement pay plans for sworn commissioned law enforcement officers of two designated state law enforcement agencies. Whether or not the Legislature may pass laws supplementing pay plans simply for the two designated groups of officers so listed or for other commissioned law enforcement officers as well is really not relevant to the matter under consideration.[6] The fact of the matter is *461 that this legislation is not one that supplements pay plans. This legislation has to do with the payment of witness fees, as the act clearly provides, and the function given the Civil Service Commission of New Orleans (and the governing authorities of other parishes) is to devise a plan for the payment of witness fees to law enforcement officers including those not under their jurisdiction who appear in Criminal District Court, with the funds coming from court assessed filing fees.
To invalidate legislation under the state constitution, we need to rely upon a particular constitutional provision which limits the otherwise plenary power of the legislature to enact the controverted statute. New Orleans Firefighters v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La.1982) and the cases cited therein at 406. We are satisfied that La. Const. art. 10 § 10(A)(1) is just such a delimiting provision.
The delegates to the 1973 Constitutional Convention were of the expressed opinion that the Louisiana Legislature ought not be able to alter the powers or functions of the civil service commissions. Several constitutional convention delegates recalled first hand an earlier time in Louisiana's history when the Legislature so amended the civil service provisions in the constitution (when constitutionally permitted to do so by a two-thirds vote) as to render them ineffectual. IX Transcripts from the 1973 Constitutional Convention 2604, 1606, 2626, 2628, 2757. Twice the delegates rejected proposals which would have allowed the Legislature by a two-thirds vote, or by even a three-fourths vote, to amend or modify the constitutional civil service provisions. IX Transcripts from the 1973 Constitutional Convention 2595-2654. The interest and intent of a majority of the delegates in formulating the 1974 Constitution was to create an independent, autonomous, non-political state and city civil service "safeguarded and removed as far as humanly possible from any form of political influence or any suspicion of political influence or control." 3 C.E. Dunbar, Jr. Projet of the Constitution for the State of Louisiana 500 at 504 (1954).
To allow the Legislature to add to the powers and functions of the Commission would be to allow the Legislature to impede the commission's ability "to accomplish the objectives and purposes of the merit system of civil service" as established in Art. 10 § 10(A)(1).
In New Orleans Firefighters, we scrutinized the objectives of classified service and found them to be the following:
The fundamental purpose of civil service laws and rules is to establish a merit system for selecting non-policy forming public employees on the basis of merit and providing that they can be discharged only for insubordination, incompetency, or improper conduct, and not for religious or political reasons. 3 C.E. Dunbar, Jr., Projet of a Constitution for State of Louisiana 500 (1954). State ex rel. Murtagh v. Dept. of City Civil Service, 215 La. 1007, 42 So.2d 65 (1949). Perkins v. Director of Personnel, 220 So.2d 253, 256 (La.App. 1st Cir.1969). Civil service is designed to abrogate the "spoils system" under which public employees are not selected for employment and promotion on the basis of merit or qualifications for the position but as rewards for faithful political activity and service, so that the job holders and their families become economic slaves of a particular political organization and have to vote and work for the candidates of their faction regardless of the character or qualifications of the candidates. Dunbar, supra at 500. State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827, 830 (1955).

* * * * * *
Because of the peculiar history of civil service in Louisiana, the inclusion of detailed provisions on civil service in the constitution contrary to the principles of a brief charter has been deemed necessary by legal scholars. Dunbar, supra at 499. A self-operative merit system established in the constitution so that it can be repealed or amended only by a vote of the people has been deemed essential to *462 the protection of civil service against repeal or weakening amendments and sabotage by a temporary majority vote of a spoils-minded and partisan legislative faction. Dunbar, supra, at 501.

New Orleans Firefighters, 422 So.2d at 410 (La.1982).
Under the 1974 Louisiana Constitution, the Civil Service Commissions are autonomous bodies with circumscribed duties. The merit system they administer is self-operative and established in the constitution. Their constitutionally delineated powers and duties are above change or modification by the Legislature; and such powers and duties are exclusive.
The Attorney General, in defending the statute, argues that New Orleans Firefighters Association, supra controls this issue and makes it clear that La.R.S. 15:255(A)(2) is constitutional. New Orleans Firefighters is not controlling. That case involved the interplay between a state statute requiring the inclusion of firefighters' state supplemental pay in overtime pay computations and the New Orleans Civil Service Commission's uniform pay plan, which had excluded such state supplemental pay in the calculation of overtime.
We have a different situation here. We are not dealing with compensation or salaries for classified employees under the jurisdiction of New Orleans Civil Service Commission. La.R.S. 15:255(C) expressly distinguishes these court appearance fees from salary or compensation. Nor are we dealing exclusively with New Orleans law enforcement officers. La.R.S. 15:255(B) provides that the plan for paying witness fees "shall be applicable to all law enforcement officers alike," who, pertinent to the New Orleans Civil Service Commission, are required to be present as witnesses in criminal cases in the Orleans Parish Criminal District Court. Finally, requiring that the New Orleans Civil Service Commission perform this non-civil service related function in no way furthers the goals of civil service.
Also in this litigation plaintiff challenges La.R.S. 15:255(B) and La.R.S. 15:256. We are not required in this case to consider the constitutionality of La.R.S. 15:255(B) as it affects governing bodies or agencies other than the New Orleans Civil Service Commission. Nor are we required to consider the constitutionality of La.R.S. 15:256 which by its terms does not apply to the City of New Orleans.

Decree
For the foregoing reasons, we affirm the Court of Appeal's judgment declaring unconstitutional La.R.S. 15:255(A)(2) and La. R.S. 15:255(B) as it affects the Civil Service Commission of the City of New Orleans.
AFFIRMED.
DIXON, C.J., concurs, believing the analysis and conclusion of the opinion are correct. I respectfully disagree, however, with the effort to explain N.O. Firefighters Assn. v. Civil Service Commission of the City of N.O., 422/402 (1982).

APPENDIX
La.R.S. 15:255-256, as amended by Act. 690 of 1980 read as follows:
§ 255. Plans for witness fees to off duty law enforcement officers
A. (1) The governing authority of each parish shall adopt a plan under which each law enforcement officer who because of his official connections with any criminal case as the arresting officer or in some other official capacity, is required to be present as a witness in any criminal case which is being tried in any district court during any time when he otherwise is not required to report to work or perform the duties of his job, shall be paid witness fees in the amount of fifteen dollars for each case for which his presence in the court is required and for which he was present. No officer shall be allowed more than thirty dollars in any one day regardless of the number of cases for which he was required to be present.
(2) In the city of New Orleans, the Civil Service Commission shall establish rules for the payment of each law enforcement *463 officer who because of his official connection with any criminal case as the arresting officer or in some other official capacity, is required to be present as a witness in any criminal case which is being tried in the Criminal District Court for the parish of Orleans during any time when he otherwise is not required to report to work or perform the duties of his job.
B. The plan adopted for the payment of witness fees to law enforcement officers shall be applicable to all law enforcement officers alike and shall be paid whenever any law enforcement officer is required to be present and is present in one or more cases in such courts during his regular time off.
C. Compensation allowed law enforcement officers as witnesses in accordance with the provisions of this Section shall not be deemed to be in lieu of, or to constitute any portion of, the salary or compensation paid to such law enforcement officers for the performance of the duties of their jobs, nor shall the payment of such witness fees be taken into consideration in determining the salary, any salary increase or any supplemental pay by the state to which any law enforcement officer is or becomes entitled.
D. Witness fees provided for by this Section shall be paid from costs of court collected in individual cases tried in district courts which shall be assessed as a part of the costs of court to be collected in such cases, and shall be collected for each case in which there is a plea of guilty or in which there is a conviction. Whenever any governing authority adopts a plan for the payment of these witness fees, the judge or judges of the district court for the judicial district wherein the parish, or City of New Orleans, is situated shall adopt a schedule of costs which shall be applicable in each case before that court to which such costs are applicable. All of such costs shall be placed, as they are collected, in a special fund which shall be maintained and be administered by the governing authority and said authority shall pay out of said fund the witness fees herein provided for. The judge or judges shall have authority, from time to time as the needs of the fund require, to adjust the schedule of costs.
§ 256. Fees where more than one case on same day
Except as provided in R.S. 15:255, no person shall be allowed, for attendance as a witness in criminal cases, more than is allowed in one case on the same day, or mileage for more than one case at a time. The provisions of this section shall not apply to the city of New Orleans.
Before 1980, the provisions were the following:
R.S. 15:255. Plans for fees to law enforcement officers
A. The governing authority of any parish, and in the City of New Orleans the city council, may, in its discretion, approve and adopt a plan under which each law enforcement officer who, because of his official connections with any criminal case as the arresting officer or in some other official capacity, is required to be present as a witness in any criminal case which is being tried in any district court or in the criminal district court for the Parish of Orleans during any time when he otherwise is not required to report for work or perform the duties of his job, shall be paid witness fees in the amount of one dollar for each hour his presence in the court is required, for not to exceed five hours in any one day.
B. Whenever any governing authority adopts a plan for the payment of witness fees to law enforcement officers as herein provided, such plan shall be applicable to all law enforcement officers alike and shall be paid whenever any law enforcement officer is required during his regular time off to testify as a witness in a criminal case in such courts.
C. Compensation allowed law enforcement officers as witnesses in accordance with the provisions of this Section shall not be deemed to be in lieu of, or to constitute any portion of, the salary or compensation paid to such law enforcement *464 officers for the performance of the duties of their jobs, nor shall the payment of such witness fees be taken into consideration in determining the salary, any salary increase or any supplemental pay by the state to which any law enforcement officer is or becomes entitled.
D. Witness fees provided for by this Section shall be paid from costs of court collected in individual cases tried in district courts which shall be assessed as a part of the costs of court to be collected in such cases, and shall be collected for each case in which there is a plea of guilty or in which there is a conviction. Whenever any governing authority adopts a plan for the payment of these witness fees, the judge or judges of the district court for the judicial district wherein the parish, or City of New Orleans, is situated shall adopt a schedule of costs which shall be applicable in each case before that court to which such costs are applicable. All of such costs shall be placed, as they are collected, in a special fund which shall be maintained and be administered by the governing authority and said authority shall pay out of said fund the witness fees herein provided for. The judge or judges shall have authority, from time to time as the needs of the fund require, to adjust the schedule of costs.
R.S. 15:256. Fees where more than one case on same day
No person shall be allowed for attendance as a witness in criminal cases more than is allowed in one case in the same day, or mileage for more than one case at a time.
NOTES
[1] The full texts of both statutes as written before and after the 1980 amendment appear in the Appendix to this opinion.
[2] The Commission brought this declaratory judgment action against the Attorney General for the State of Louisiana on February 12, 1981 after receiving an inquiry from an out-of-town law enforcement officer about what action had been taken pursuant to Act 690 of 1980 to facilitate his receipt of a fee for an appearance in court.
[3] This may not be entirely true, inasmuch as the operations of the district courts, including any shortfall from fee generations, are the responsibility of the governing authorities. Cf. La.R.S. 15:304 and State v. Henderson, 341 So.2d 879 (La.1977) concerning governing authorities' responsibility for expenses attending criminal proceedings.
[4] By the express terms of art. 10 § 1(B) the city civil service includes "all persons holding offices and positions of trust or employment in the employ of each city having over four hundred thousand population... [P]aid firemen and municipal policemen may be excluded if a majority of electors in the affected city voting at an election held for that purpose approve their exclusion. The election shall be called by the municipal governing authority within one year after the effective date of this constitution." An election for this purpose was called in the City of New Orleans in the fall of 1974 following passage of the 1974 Constitution and a majority of the electors voted to keep the police and firemen's civil service under art. 10 § 1(B) rather than place them under art. 10 § 18, a provision which allows legislative modification. See note 5 infra.
[5] It may be worth noting that the Legislature by a vote of two thirds of the elected members of each house may amend or otherwise modify the provisions of La. Const. art. 14 § 15.1 (1921) which are continued in force and effect as statutes. See La. Const. art. 10 § 18. Art. 10 § 18 applies to systems of classified civil service for firemen and municipal policemen in municipalities having a population exceeding thirteen thousand operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department. In a municipality having a population exceeding four hundred thousand, paid firemen and municipal policemen were to be included if a majority of the electors voted for inclusion within one year after the effective date of the constitution.

The Legislature also can establish parish and municipal civil service systems in some instances, but not in the case of municipalities with a population exceeding four hundred thousand. La. Const. art. 10 § 15.
[6] In expressly allowing legislative supplementation of state police pay in La. Const. art. 10 § 10(A)(1), the convention delegates were apparently reacting to Louisiana Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800 (1971) wherein this Court found under the prevailing constitutional provisions that a statute which set the salary scale of state police was unconstitutional. With this amendment delegates apparently were seeking to place state police on an equal footing with firemen and other municipal policemen for whom the Convention had already made provision by allowing the Legislature to set minimum wages under 1974 La. Const. art. 6 § 14, an article earlier considered by the delegates. IX Transcripts of the 1973 Constitutional Convention 2711-2715. This Court has recently upheld the Legislature's power in that regard. New Orleans Firefighters v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La.1982).

Later by amendment, the commissioned officers of the Enforcement Division of the Department of Wildlife and Fisheries were added to the concluding sentence of La. Const. art. 10 § 10(A)(1) for similar reasons. IX Transcripts of the 1973 Constitutional Convention 3071-72.