458 So.2d 1308 (1984)
Myriam Guidroz LEMIRE
v.
NEW ORLEANS PUBLIC SERVICE, INC. and Sewerage and Water Board of New Orleans.
No. 84-CC-1031.
Supreme Court of Louisiana.
November 26, 1984.
*1309 Thomas Keasler Foutz, Law Offices of John R. Martzell, New Orleans, for relator.
John D. Lambert, Jr., Special Counsel, Jacob Taranto, III, Gerard M. Victor, General Counsel, Mary Elizabeth Paltron, Senior Counsel, New Orleans, for respondent.
CALOGERO, Justice.
The chief issue presented in this case concerns the application of a procedural statute (La.C.C.P. art. 1812 C(2)) in a lawsuit by an injured plaintiff against both a private corporation (New Orleans Public Service Incorporated, hereinafter N.O.P. S.I) and a public agency (Sewerage and Water Board of New Orleans, hereinafter S & W B).
Plaintiff is entitled to a jury trial against the private corporation (La.C.C.P. art. 1731) but not the public agency (R.S. 13:5105). With the adoption of comparative fault (C.C. art. 2323,[1] effective August 1, 1980), the fault or non-fault, and the percentage of fault attributable to each person whether party to the lawsuit or not, has become relevant in the determination of damages to which an injured plaintiff is entitled. To facilitate these resolutions La.C.C. art. 1812, as amended in 1983 provides in part that:

* * * * * *
C. In cases to recover damages for injury, death, or loss the court may submit to the jury, unless waived by all parties, special written questions inquiring as to:
* * * * * *
(2) If appropriate, whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and, if so:
(a) Whether such fault was the legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
While La.C.C.P. art 1812 C provides that the court may (unless waived by all parties) submit special written questions to the jury, the apparent intent is that the court in such circumstances is required to submit the questions. See 1983 Revision Comments, Section (b).[2]
In this lawsuit both N.O.P.S.I and S & W B are parties defendant. The suit is to be tried simultaneously to the jury (Lemire v. N.O.P.S.I) and to the judge (Lemire v. S & W B.)
Plaintiff wants the judge to submit to the jury special written questions inquiring as to whether S & W B was at fault, and if so whether such fault was a legal cause of the damages, and if so, the degree of such fault expressed in percentage.[3]
The trial judge granted plaintiff's motion, but the Court of Appeal summarily reversed, being of the view that "using a jury to suggest an appropriate finding concerning the liability of the Sewerage and *1310 Water Board is in essence a trial by jury" which is prohibited, by R.S. 13:5105, in a lawsuit against public entities like the Sewerage and Water Board.
We granted writs sought by plaintiff to review these conflicting rulings of the district court and the Court of Appeal. 450 So.2d 1319.
The judgment of the Court of Appeal will be reversed and the ruling of the district court, insofar as it would include the Sewerage and Water Board in the written questions to be posed to the jury concerning fault and the percentage of fault, is reinstated.
La.C.C.P. art. 1812 C(2) does not offend R.S. 13:5105's prohibition of jury trial against public agencies. It is a procedural statute which implements Louisiana's comparative fault scheme (C.C. 2323) and which the legislature determined was necessary to the appropriate determination of damages to which plaintiff is entitled against the private defendant, (in this case N.O.P.S.I.).
It is not an advisory opinion in that it is not designed to advise, counsel, or compel the trial judge in his independent judicial obligation as regards plaintiff's claim against the public agency. Rather La.C.C.P. art. 1812 merely facilitates the court's confecting a judgment consistent with the jury determination relative to plaintiff's entitlement in his claim against the private defendant.
At best it might be argued that the jury's answers concerning Sewerage and Water Board's fault and percentage of contributing fault might influence the trial judge in his determination in plaintiff's suit against the public agency.
That problem, however, is present in every case where simultaneous trials are conducted, one to the jury and one to the judge, where a private party and a public agency are defendants in a case arising out of a single incident. That has not been deemed an insurmountable obstacle by this Court.
In Champagne v. American Southern Ins. Co., 295 So.2d 437 (La.1974), we said:
The possibility of different decisions on the same point by judge and jury should not affect the decision in this case. The judge already has the power to set aside a jury decision with which he is not in accord, C.C.P. Arts. 1812, 1813; and appellate courts have the right to review findings of fact of both judge and jury, La.Const. Art. 7, § 29.
While one may speculate as to the practical difficulties in cases where judge and jury disagree, these difficulties would be no more severe than those which might arise in separate actions against the State and individual defendants. Nor are these difficulties of such magnitude as to defeat the right to trial by jury.
This same reasoning was followed in Jones v. City of Kenner, 338 So.2d 606 (La.1976), rehearing denied.
If the jury result in plaintiff v. N.O.P.S.I and the judge result in plaintiff v. S & W B differ, the disparity can be accommodated by a judgment notwithstanding the verdict and/or motion for new trial. Through the use of these, the trial court can restructure the jury decision so that it best reflects the law and the facts.
For these reasons we conclude that the trial judge ruled properly when, essentially, he responded to plaintiff's motion by determining that he would follow La.C.C.P. art. 1812 C(2) in the plaintiff v. N.O.P.S.I. trial and submit to the jury special written questions inquiring as to whether Sewerage and Water Board was at fault, whether such vault was a legal cause of the damages, and, if so, the degree of such fault expressed in percentage.[4]
*1311 The only assertions initially made by plaintiff in his response to the S & W B's application in the Court of Appeal and in his assignment of error in the writ application to this Court was that the trial judge correctly determined that he should follow La.C.C.P. art. 1812 in the plaintiff versus N.O.P.S.I. trial. Now, in this Court, in brief, he asserts for the first time that he should be permitted a jury trial against S&WB for the reason that La.R.S. 13:5105, barring jury trials against a governmental subdivision, is unconstitutional.
For the following reasons that argument will not be considered here. The constitutionality of a statute must first be questioned in the trial court, not the appellate court. Johnson v. Welsh, 334 So.2d 395 (La.1976); Becker v. Allstate Insurance Co., 307 So.2d 101 (La.1975); Summerell v. Phillips, 247 So.2d 542 (La.1971) and cases cited therein. The plea of unconstitutionality must be specially pleaded to be considered by the court. Johnson v. Welsh, 334 So.2d 395 and cases cited therein. No assertion of unconstitutionality was pleaded prior to the brief filed in this Court. Further, where the constitutionality of a statute is at issue, the Attorney General must be served and is an indispensable party. La.C.C.P. art 1880. The Attorney General was not served nor was he made a party to this action. Accordingly, we do not reach the issue of the constitutionality of La.R.S. 13:5105.
Absent a waiver by all parties, pursuant to La.C.C.P. art. 1812, the court is required to submit to the jury written questions to determine the percentages of fault of all involved persons, even nonparties such as the S&WB. This determination does not offend La.R.S. 13:5105's prohibition of jury trials against public agencies.

Decree
Accordingly, the judgment appealed from is reversed and the judgment of the Civil District Court reinstated. The case is remanded to the Civil District Court for further proceedings in accordance with the views expressed herein.
DIXON, C.J., concurs.
LEMMON, J., concurs.
NOTES
[1] La.C.C. art. 2323 provides:

When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.
[2] 1983 Revision Comments (b) to La.C.C.P. art. 1812 provides in part:

[N]ew Art. 1812 requires the court to submit these written questions to the jury unless there is a waiver by all parties.
[3] Plaintiff's pleading couches it as a motion for an advisory opinion. His choice of language is ill advised. Plaintiff is not entitled to have the jury render an advisory opinion to the judge. Nonetheless we construe the object of the motion in light of its obvious intent and the applicable law.
[4] He will no doubt also submit to the jury special written questions inquiring as to

(1) whether NOPSI was at fault, whether such fault was a legal cause of the damages, and, if so the degree of such fault, expressed in percentage.
(2) whether plaintiff was negligent; whether this negligence was a legal cause of the damages, and, if so the degree of such negligence expressed in percentage.
(3) the total amount of damages sustained as a result of the death expressed in dollars.
La.C.C.P. art. 1812(C).