Dear Mr. Boland:
Your department has requested an opinion of the Attorney General with regard to the constitutionality of Acts 520 and 893 of the 1992 Regular Session of the Legislature. As you stated in your request, those Acts, in part, seek to grant unto the State Civil Service Commission the power and authority to set salaries for statewide elected officials and members of the Legislature. You further state that the State Civil Service Commission views the statutes as potentially unconstitutional in light of our state Supreme Court's holding in Civil Service Commission of New Orleans v. Guste, 428 So.2d 457 (La. 1983).
Initially we must state that the Attorney General, as a statewide elected official, has a personal financial interest in the outcome of this opinion or more properly stated, in the final ruling on the constitutionality of these statutes. For that reason alone, our first inclination was to decline to issue an opinion due to that financial interest and to suggest that the Commission seek a declaratory judgment in the court system. We further considered a referral to an independent counsel for consideration. The second solution is unavailable because we cannot name an attorney general ad hoc for purposes of this opinion. The declaratory judgment option involves time delays and is still available regardless of the outcome of this opinion. For these reasons we have decided to address your request under our statutory responsibility to state agencies under LSA R.S. 49:251.
In this opinion we will address only those portions of the Acts in question granting the Civil Service Commission the power to set salaries for statewide elected officials and salaries and expenses for legislators. Section 2 of Act 893 of the 1992 regular session creates LSA-R.S. 36:10 and reads as follows:
 § 10. State Civil Service Commission; authority to establish salaries of statewide elected officials
 Notwithstanding any other law to the contrary, the salaries of all statewide elected officials shall be established by the State Civil Service Commission through the exercise of its rulemaking authority as provided for in Article X of the Constitution of Louisiana. Any such rule shall have the effect of law without the necessity of the approval of the governor. The salary shall become effective as provided for in such rule and shall be payable monthly upon the statewide elected official's warrant out of funds appropriated to the office, agency, or department of such statewide elected official for personal services.
Act 520 of 1992, in its entirety, provides for the salaries and expenses of legislators and support personnel to be set by the Civil Service Commission and will not be reproduced herein.
For the reasons set forth below, it is the opinion of this office that Section 2 of Act 893 of 1992 and Act 520 of 1992 are violative of the Louisiana Constitution of 1974 as interpreted by the Louisiana Supreme Court's decision in the Guste case cited above. The constitutional provision mandating this result is Art. 10 Sec. 10(A)(1) which reads in its entirety as follows:
 Section 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety. [Emphasis added]
This section grants the commission broad and general rule-making powers with regard to all aspects of the classified service. It grants no power or responsibilities with regard to the unclassified service. Statewide elected officials and legislators are members of the unclassified service, see Art. 10 Sec. 2(B), La. Const. 1974.
The legislature has plenary power to enact any law that is not invalidated or prohibited by a specific provision of our State's constitution, Board of Directors of the Louisiana Recovery District v. All Taxpayers, 529 So.2d 384 (La. 1988). Our state Supreme Court's holding in Civil Service Commission of the City of New Orleans v. Guste, supra, declared that Art. 10 Sec. 10(A)(1) is "just such a delimiting provision" p. 461.
In Guste, supra, the legislature, by statute sought to invest the New Orleans Civil Service Commission with the power to establish rules concerning the payment of witness fees to off duty law enforcement officials. The court, in unanimously holding that statute unconstitutional, stated that the Act was invalid because it required the Commission to "take on additional duties and responsibilities and assume powers beyond those given them in Art. 10 Sec. 10(A)(1) of the La. Const. of 1974," p. 458. As stated above, this same provision grants the powers of the State Commission. The Guste court found that expansion of this power was beyond those enumerated in the Constitution and that the Constitutional grant of powers to the Commission is exclusive. At p. 462 the Court stated:
 "Under the 1974 Louisiana Constitution, the Civil Service Commissions are autonomous bodies with circumscribed duties. The merit system they administer is self-operative and established in the constitution. Their constitutionally delineated powers and duties are above change or modification by the legislature; and such powers and duties are exclusive."
The Supreme Court's decision in Guste, is clear that the duties and powers of the Commission can not be reduced, expanded or in any way modified by the legislature. Acts 520 and Section 2 of Act 839 seek to expand the powers of the Commission by giving it the power through its rule making authority, to set the salaries of statewide elected officials and legislators. The Constitution, Art. 10 Sec. 10(A)(1) clearly limits that power to the classified civil service, which excludes said elected officials and legislators, thereby compelling the conclusion that those Acts, in the parts discussed, are unconstitutional.
We are aware of the fact that the Guste case is nine years old, however the constitutional article in question has not changed in pertinent part and the case is our state Supreme Court's latest position on the issue. Please also note that this opinion is advisory and persuasive only, and does not foreclose an interested party from bringing a court action for a declaratory judgment on the constitutionality of these statutes.
Trusting the above answers your question, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
RPI:vrr