626 So.2d 775 (1993)
Ruth T. ROGERS, Plaintiff-Appellant,
v.
SYNTHES, LTD. et al., Defendants-Appellees.
No. 25221-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1993.
*776 Francis M. Gowen, Jr., Shreveport, for appellant.
Theus, Grisham, Davis & Leigh by E. William Sartor, Jr., Monroe, for appellee Synthes, LTD.
Lunn, Irion, Johnson, Salley & Carlisle by James B. Gardner, Shreveport, for appelleeSisters of Charity Schumpert Medical.
Before LINDSAY, VICTORY and STEWART, JJ.
LINDSAY, Judge.
At issue is whether a suit to recover damages sustained when a surgically implanted prosthesis breaks constitutes a medical malpractice action which requires initial submission of the claim to a medical review panel. Ruth T. Rogers sued Synthes Ltd. and Sisters of Charity of the Incarnate Word d/b/a Schumpert Medical Center for damages sustained when her surgically implanted prosthesis broke. Schumpert responded with a dilatory exception of prematurity because Rogers had not first submitted her claim to a medical review panel. The trial court sustained Schumpert's exception and Rogers appealed. Finding that this action is covered by the Medical Malpractice Act, we affirm.

FACTS
On May 23, 1990, Ruth T. Rogers entered Schumpert for surgical repair of a fracture of her femur (thigh-bone). Dr. A.E. Dean performed an open reduction and internal fixation of plaintiff's femur, including the installation of a prosthesis manufactured by Synthes, Ltd. (Synthes). This prosthesis consisted of a Synthes screw and an eight hole plate.
In March, 1991, the plaintiff was walking with the aid of a cane when she heard a pop in her hip. Medical examination and x-rays confirmed that the prosthesis had broken. The plaintiff underwent a second surgical procedure for the removal of the broken Synthes screw and plate which was replaced with a Recon nail and screws.
On March 2, 1992, the plaintiff filed suit against Synthes and Schumpert, on general tort and products liability theories, asserting that the device was manufactured by Synthes and that Schumpert acted as a professional vendor when it sold the prosthesis to her. The plaintiff contended that the prosthesis was defectively manufactured, did not meet her reasonable expectations and was not fit for the purpose for which it was purchased. The plaintiff also alleged that both Schumpert and Synthes should have warned her or her doctor that the prosthesis contained vices and defects. The plaintiff sought to recover the purchase price of the prosthesis as well as medical expenses for replacing the device, general damages and attorney fees.
On March 12, 1992, Schumpert filed an exception of prematurity, claiming that this was a suit for damages for medical malpractice arising out of treatment rendered to the plaintiff. Schumpert argued that under LSA-R.S. 40:1299.47(B)(1), no action against a health care provider can be commenced in a court of this state before the complaint has been presented to a medical review panel. Schumpert asserted that it is a duly qualified health care provider under the provisions of LSA-R.S. 40:1299.41 et seq. Schumpert also argued that LSA-R.S. 40:1299.41(A)(8) provides that malpractice includes all legal responsibility of a health care provider arising from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient. Schumpert contended that plaintiff's suit was premature because the claim was brought against a health care provider, it fell under the statutory definition of malpractice and it had not been submitted to a medical review panel.
On January 7, 1993, the trial court filed a judgment sustaining Schumpert's exception of prematurity. The plaintiff appealed.

MEDICAL MALPRACTICE
The plaintiff contends that the trial court erred in finding that this action falls within the scope of the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41 et *777 seq., which requires submission of a claim to a medical review panel for decision prior to filing suit in the district court. The plaintiff argues that she made no allegations concerning Schumpert which are under the scope of the act. Characterizing her suit as one in products liability and redhibition, as opposed to medical malpractice, the plaintiff argues that she did not allege any negligence on the part of Schumpert and therefore did not have to seek the formation of a medical review panel. This argument is meritless.
Malpractice is defined in LSA-R.S. 40:1299.41(A)(8):

Malpractice means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient. [Emphasis supplied]
Schumpert is a qualified health care provider under the provisions of LSA-R.S. 40:1299.41 et seq. Plaintiff's suit is an action for damages for medical malpractice under LSA-R.S. 40:1299.47(B)(1)(a)(i) which states:
No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.
In general, any conduct by a hospital complained of by a patient is properly within the scope of the Louisiana Medical Malpractice Act if it can reasonably be said that it comes within the definitions of the act, even though there are alternative theories of liability. Austin v. St. Charles General Hospital, 587 So.2d 742 (La.App. 4th Cir.1991), writ denied, 590 So.2d 80 (La.1991).
The plaintiff incorrectly contends that her claim is similar to that presented in Sewell v. Doctors Hospital, 600 So.2d 577 (La.1992). In Sewell, the Louisiana Supreme Court found that a patient's injuries sustained when a hospital bed broke were not covered by the Medical Malpractice Act. Malpractice includes a health care provider's strict liability for some defective items used during the course of a patient's treatment; i.e., defective blood, tissues, transplants, drugs, medicine, and prosthetic devices. A defective hospital bed is not one of the defective things specifically enumerated in the definition of malpractice.
In contrast, the surgically implanted prosthesis of which the plaintiff complains in this case is specifically enumerated in the definition of malpractice. All legal responsibility arising from a defect or failure of a prosthesis is malpractice and is covered by the act. LSA-R.S. 40:1299.41(A)(8). Therefore the claim must first be submitted to a medical review panel. The trial court was correct in sustaining Schumpert's exception of prematurity.

CONSTITUTIONALITY
The plaintiff also argues that the definition of malpractice contained in LSA-R.S. 40:1299.41(A)(8), which includes legal responsibility arising from defects or failures of prosthetic devices, is unconstitutional as applied in this case. Without citing any authority, the plaintiff argues that she will receive disparate treatment because a medical review panel will not be able to give an expert opinion on the design, manufacture and sale of the broken prosthesis. Because the medical review panel would not possess the requisite expertise to evaluate the claim, the plaintiff argues that there is no rational basis in this case to require that her claim first be submitted to such a panel.
There is no indication in the record that this argument was made in the trial court. An attack on the constitutionality of a statute must first be made in the trial court, not the appellate court. Lemire v. New Orleans Public Service Inc., 458 So.2d 1308 (La.1984); Brown v. Williams, 587 So.2d 732 (La.App. 2d Cir.1991). A person who fails to plead the unconstitutionality of a statute in *778 the trial court generally cannot raise the issue on appeal. Brown v. Williams, supra. Therefore, this issue has not been properly raised and presented for review by this court.

CONCLUSION
For the reasons stated above, the trial court was correct in sustaining Schumpert's exception of prematurity based upon the plaintiff's failure to first submit her claim to a medical review panel. The judgment is affirmed and costs in this court and the court below are assessed to the plaintiff.
AFFIRMED.