635 So.2d 424 (1994)
Robert BEOH
v.
Charles E. WATKINS, Allstate Insurance Company, et al.
Charles WATKINS
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS, et al.
Richard SHORTY, et al.
v.
Charles WATKINS, Allstate Insurance Company, et al.
Nos. 93-CA-1394, 93-CA-1395 and 93-CA-1396.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
*425 Darleen M. Jacobs, and James L. Yates, New Orleans, for plaintiffs/appellees Robert Beoh and George Elpheage.
Harold D. Marchand, Sewerage and Water Bd. of New Orleans, New Orleans, for defendant/appellant Sewerage and Water Bd.
Bruce G. Whittaker, Deputy City Atty., Bruce Naccari, First Asst. City Atty., Kathy Lee Torregano, City Atty., New Orleans, for defendant/appellee City of New Orleans.
Irwin R. Sanders, Metairie, for appellee Charles Watkins.
*426 Kathleen E. Simon, Simon and Rees, Metairie, for appellees Charles Watkins and Allstate Ins. Co.
Before BYRNES, PLOTKIN and LANDRIEU, JJ.
BYRNES, Judge.
On May 5, 1987, a van driven by the Rev. Charles Watkins struck a hole in the 5000 block of N. Galvez Street, resulting in the destruction of the van's steering mechanism. The van went out of control, allegedly injuring five pedestrians, George Elpheage, Jr., Denward Broussard, Robert Beoh, Noel Washington, and Richard Shorty.
Three lawsuits arose out of the accident. First, Robert Beoh sued Watkins, Watkins's insurer Allstate Insurance Co. (Allstate), and in a supplemental petition added as defendants the City of New Orleans and the Sewerage and Water Board of New Orleans.[1] In a second lawsuit, Shorty, Broussard, Elpheage, and Washington filed suit against Watkins, Allstate, the City of New Orleans, and the Sewerage and Water Board of New Orleans.[2] In the third lawsuit, the driver of the van, Charles Watkins, sued the City and the Sewerage and Water Board.[3] The three lawsuits were consolidated and transferred into Division "C" of Civil District Court.
One of the plaintiffs requested a jury trial. In accordance with LSA-R.S. 13:5105 which prohibits a jury trial against a state agency or political subdivision, the jury was struck as it pertained to the City and the Sewerage and Water Board. The trial proceeded in a bifurcated manner, with the trial judge hearing the case against the public defendants and the jury hearing the case against the private defendant, Charles Watkins.
The trial judge submitted the following interrogatories to the jury which were answered as indicated:
1. Was Charles Watkins guilty of negligence?
 ____ X
 Yes No
2. Was the negligence of Charles Watkins a proximate cause of the injuries, if any, sustained by the plaintiffs?
 ____ X
 Yes No
3. Was the Sewerage and Water Board guilty of negligence?
 X ____
 Yes No
4. Was the negligence of the Sewerage and Water Board a proximate cause of the injuries, if any, sustained by the plaintiffs?
 X ____
 Yes No
5. Was City of New Orleans guilty of negligence?
 ____ X
 Yes No
6. Was the negligence of the City of New Orleans a proximate cause of the injuries, if any, sustained by the plaintiffs?
 ____ X
 Yes No
7. What is the degree of fault attributable to those persons, or parties whose fault contributed to the accident, expressed in a percentage?

 Charles Watkins 0%
 -----
 Sewerage and Water Board 100%
 -----
 City of New Orleans 0%
 -----

8. How much did the following sustain damages in this accident, expressed in terms of dollars?

 Robert Beoh $100,000.00
 -----------
 George Elpheage $300,000.00
 -----------
 Noel Washington $ 5,000.00
 -----------
 Denward Broussard $ 5,000.00
 -----------
 Richard Shorty $ 5,000.00
 -----------
 Charles Watkins $ 4,000.00
 -----------

*427 In lawsuits where the plaintiffs are entitled to a jury trial against the private defendant but not the public entities, the jury cannot assess the degree of fault of the private defendant without considering the degree of fault of the public defendant. Therefore, in accordance with Louisiana's comparative fault scheme, the court is required to submit special written questions to the jury regarding the fault of the public as well as private defendants. LSA-C.C.P. art. 1812(C); Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308, 1309-10 (La.1984). The jury's answers may facilitate the confection of a judgment consistent with the jury's determination relative to the plaintiff's claim against the private defendant, but do not relieve the judge of his obligation to independently determine the facts pertaining to the plaintiff's claims against the public defendants. Lemire, 458 So.2d at 1310 (emphasis added). Although it is a preferred procedure, the law does not require the judge to determine his judgment prior to receiving the jury's verdict and parallel findings by judge and jury are not indicative per se of a judge's failure to independently determine the facts.
The trial judge rendered judgment consistent with the jury findings on liability and quantum against the Sewerage and Water Board and in favor of the plaintiffs. We affirm.
The first issue to be resolved in this case is the scope of appellate review to be applied to a judgment from a bifurcated trial, in which the trial judge was charged with the responsibility of deciding the case against the public defendants and the jury was charged with the responsibility of deciding the case against the private defendants.
Where it can be shown that the trial judge failed to make a review independent of the jury findings on the claims against the public defendant, then this Court conducts a de novo review of those claims on appeal.
The Sewerage and Water Board contends that the trial judge made no independent review. Therefore, it is entitled to a de novo review of the judgment against it.
The Sewerage and Water Board bases this contention on the statement by the trial judge in his reasons for judgment that he considered "the advisory verdict of the jury." But the trial judge also stated that he considered the law and the evidence.
There is no prohibition against the trial judge considering the jury's findings in reaching his own conclusion nor in the trial judge reaching the same conclusions as those reached by the jury. The Supreme Court recognizes that a "jury's answers ... might influence the trial judge in his determination in plaintiff's suit against the public agency." Lemire, at 1310. Lemire recognized and accepted as a fact of life that "[t]hat problem, however, is present in every case where simultaneous trials are conducted, one to the jury and one to the judge, where a private and public agency are defendants in a case arising out of a single incident." Lemire, at 1310.
While we are fully sympathetic with the Sewerage and Water Board's attempt to obtain a trial de novo as a means of extricating this Court from the straightjacket we find ourselves in when reviewing issues of fact in general and quantum in particular as a result of the line of case from Rosell v. ESCO, 549 So.2d 840 (La.1989) to Stobart v. State, through DOTD, 617 So.2d 880, 882 (La.1993) and Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), the solution proposed is just as extreme in the other direction. In effect, the Sewerage and Water Board urges this court to create a presumption that the trial judge failed to conduct an independent evaluation of the claims against it. The burden is on the complaining party to show affirmatively that the trial court failed to conduct an independent evaluation. This Court does not believe that we should attempt to circumvent the manifest error standard of review in cases such as this by creating a presumption that the judgment of the trial court was flawed.
The judgment of the lower court is presumptively correct. State v. Minniefield, 467 So.2d 1198, 1201 (La.App. 2 Cir.1985); DePriest v. Connecticut Fire Ins. Co., 140 *428 So.2d 458 (La.App. 1 Cir.1962).[4] The Sewerage and Water Board failed to carry the burden necessary to overcome that presumption.
The jurisprudence discourages situations where the findings of the trial judge and jury are inconsistent in bifurcated trials involving public and private defendants. In McCullough v. Regional Transit Authority, 593 So.2d 731, 736 (La.App. 4 Cir.1992) this Court stated that "[i]f the factual findings are inconsistent, we make an independent evaluation of the record", i.e., a review of the record de novo. The only reasonable inference to be drawn from the McCullough case is that the law favors consistent findings by the judge and jury against public and private defendants.
If we carry the Sewerage and Water Board arguments to their logical conclusions we would require a de novo review when the findings of the trial judge and jury are consistent, and also when they are inconsistent under McCullough, supra. We do not believe that it was ever intended that de novo review be employed so extensively.
In addition to the presumption of correctness or regularity, we note that the trial judge did make findings that were totally independent of the jury's findings. The trial judge awarded special damages in the sum of $1202.89 to Charles Watkins independent of the awards made by the jury. These special damages were not among the amounts included in the jury interrogatories. Although this sum is small relative to the judgment as a whole, it creates a reasonable inference of independent evaluation by the trial judge based upon objective criteria.
Although we sustain the judgment of the trial court in the instant case in deference to a presumption of correctness and the trial court's statement that it considered the law and the evidence, we suggest as the better trial procedure in bifurcated trials, that the trial judge either prepare a judgment while the jury is deliberating and render judgment contemporaneously with the jury verdict or render reasons for judgment as to the public defendants at the appropriate time. Such procedures would eliminate litigation on this issue in the future and would enhance confidence in the legal system among litigants such as the Sewerage and Water Board who cannot successfully overcome the presumption of regularity or correctness, but who may, nonetheless, remain unconvinced that proper procedures were followed by the trial court.
As we have determined that the Sewerage and Water Board is not entitled to a de novo review, we are bound by the manifest error standard of review on the issues of liability and special damages, and we must defer to the great, even vast discretion of the trial court in fixing general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993); Stobart v. State, through DOTP, 617 So.2d 880, 882 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
Applying the guidelines set forth in these cases we cannot say that the trial court was manifestly erroneous when it concluded that the Sewerage and Water Board was responsible for the hole in the street that caused the accident. Nor can we say that the trial court abused its great, even vast discretion in fixing the amount of damages it awarded to the various plaintiffs.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
LANDRIEU, J., dissents with reasons.
LANDRIEU, Judge, dissents with reasons.
I respectfully dissent. In the absence of La.Rev.Stat.Ann. § 13:5105 (West 1991), had the claim against the Sewerage and Water Board and the City of New Orleans been tried before the jury, I would join with the majority in affirming both as to liability and quantum. In light of § 13:5105, however, the trial judge erred in submitting interrogatories which allowed the jury to go beyond the *429 determination that the nonpublic defendant was without fault and in using the jury's findings of fault and quantum to render judgment against the public defendant.
Because of the vast discretion accorded to trial courts in the award of general damages, it is imperative that the process used to arrive at those awards be closely scrutinized for procedural correctness. In this case, however, the process used and the exact amounts awarded to the six plaintiffs provide clear evidence that the trial judge made the jury verdict the judgment of the court, thus depriving the public defendant of its statutory right to an independent determination. Under these circumstances, contrary to the assertion of the majority, the judgment is deprived of the presumption of factual correctness that it would otherwise possess.
It is clear error for a trial judge to submit to the jury his opinion on liability or quantum. It is likewise error for a trial judge to seek the advice of the jury on liability or quantum when it is not necessary for the jury to decide those issues in connection with the discharge of its duty. Because of the error committed, the judgment of the trial court should be ignored and this matter reviewed de novo by this Court. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975); Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707, 708 (La.1980).
NOTES
[1] Robert Beoh v. Charles Watkins, Allstate Insurance Company, and Puglia Supermarkets, Civil District Court, Div. "C" No. 88-7882. In his original petition, Beoh sued Watkins's employer Puglia Supermarket. Puglia Supermarket was dismissed as a defendant on summary judgment. Watkins and Allstate cross-claimed against the City of New Orleans and the Sewerage and Water Board of New Orleans. The City of New Orleans cross-claimed against Watkins and the Sewerage and Water Board. The Sewerage and Water Board reconvened against Watkins.
[2] Richard Shorty, Denward Broussard, George Elpheage, Jr., and Noel Washington v. Charles Watkins, Allstate Insurance Company, The City of New Orleans, The New Orleans Streets Department and the New Orleans Sewerage and Water Board, Civil District Court, Div. "B" No. 88-8770. The City cross-claimed against Watkins and the Sewerage and Water Board. Allstate cross-claimed against the City and the Sewerage and Water Board.
[3] Charles Watkins v. Sewerage and Water Board of New Orleans and the City of New Orleans, Civil District Court, Div. "B" 88-8768.
[4] Although the fact situations in the Minniefield and DePriest cases can be distinguished from the instant case, the basic principle is the same.