531 So.2d 1159 (1988)
Paul ESKINE
v.
REGIONAL TRANSIT AUTHORITY, et al.
No. CA 8105.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
*1160 Raymond C. Burkart, Jr., New Orleans, for plaintiff-appellant.
Galen S. Brown, Barham & Churchill, New Orleans, for defendants-appellees.
Val K. Scheurich, III, Deputy City Atty., Don J. Hernandez, Chief Deputy City Atty., Okla Jones, II, City Atty., Philip A. Costa, Asst. City Atty., New Orleans, for intervenor-appellee.
Before BARRY, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
Plaintiff, Paul Eskine, ("Eskine"), appeals the trial court's damage award in his personal injury cause of action and defendant, Regional Transit Authority, ("RTA"), cross-appeals on the issue of liability. We affirm in part and reverse in part.
On October 22, 1983, Eskine was one of several police officers acting as escorts and controlling the crowd for a parade of the International Society for Krishna Consciousness, Inc. of New Orleans, ("ISKCON"). Eskine was directing traffic at the intersection of St. Charles Avenue and Canal Street and had parked his motorcycle, along with two other officers' motorcycles, within the white-lined danger area of the turning circle of the St. Charles streetcar. Eskine stopped the streetcar in order to move his motorcycle so that the streetcar could proceed. Defendant, Alex Rivas ("Rivas"), an employee of RTA, moved the streetcar forward at the command of another police officer. Eskine claims the streetcar struck the rear end of the motorcycle knocking it on top of him. Eskine struggled with the bike until two officers assisted him in standing it upright. Eskine pinched his right hand and strained his back during the struggle. Subsequently Eskine underwent two surgeries for the repair of inguinal hernias which were found to be a result of his struggle with the 773 pound motorcycle.
Eskine filed a petition for damages naming Rivas, RTA and ISKCON as defendants. Rivas and RTA filed a third-party demand naming the City of New Orleans and two police officers as third-party defendants for their negligence or comparative negligence in connection with the accident. ISKCON, the City of New Orleans and its officers were later dismissed from the suit pursuant to consent judgments. The City of New Orleans subsequently intervened seeking benefits paid to Eskine under the worker's compensation law.
Judgment was rendered in favor of Eskine and against RTA and Rivas and damages were awarded as follows:

General
damages $25,000.00
Medical
specials $ 7,029.75
lost overtime
 $ 1,300.00
lost wages $ 3,724.00

All damages were reduced by fifty percent because the trial court found the City of New Orleans, a non-party to the suit, fifty percent liable. On their claim of intervention the City recovered $7,029.75 in medical specials and $3,724.00 in lost wages.
*1161 In three assignments of error Eskine appeals the trial court's computation of damages and its failure to award reasonable attorney fees against intervenor. RTA cross-appeals the trial court's judgment, raising as error its apportionment of fault and its failure to assign comparative fault to Eskine. We find that two of Eskine's assignments of error have merit.
By his first assignment of error, Eskine contends that the trial court's award of $25,000 in general damages constitutes an abuse of discretion because 1) the trial court failed to itemize the award for general damages or to give reasons for the amount; 2) at the pretrial conference both parties assessed a higher figure for general damages than was awarded in the judgment; and 3) the amount is not adequate to compensate the plaintiff for both past and future suffering.
In order for an appellate court to disturb a damage award, the record must clearly reveal that the trier of fact abused its discretion in making its award. Hernandez v. Schwegmann Giant Supermarkets, 464 So.2d 902, 905 (La.App. 4th Cir. 1985). Failure to itemize a general damage award or give reasons for the amount does not constitute abuse of discretion. It is true that where awards for general damages are not itemized the appealing party is unable to demonstrate whether or not particular items were awarded and in what amount. Despite its value to the reviewing court, however, there is no mandate that the trier of fact itemize a general damage award and offer reasons for the amount. Roy v. Schneider, 367 So.2d 1314 (La.App. 4th Cir.1979).
How the parties assessed general damages at the pretrial conference is of no consequence if there is not a stipulation or an agreement as to an amount. One of the principal purposes of a pretrial proceeding is to narrow issues of litigation to those which are contested and to dispense with proof on issues which are not contested. St. Pierre v. St. Pierre, 479 So.2d 575 (La.App. 1 Cir.1985). Within the "much discretion" allowed the trier of fact under Louisiana Civil Code article 1934(3) our examination of the facts reveals no clear abuse. Reck v. Stevens, 373 So.2d 498 (La.1979). Evidence and testimony at trial establishes that Eskine suffered less than five percent permanent disability. The pain Eskine occasionally endures is considered normal for hernia patients and was described as more of an aggravation. Expert testimony suggests that such pain can be minimalized if Eskine were to lose weight, wear looser clothing and involve himself in moderate athletic activity. An award of $25,000 does not reflect an abuse of discretion under these facts.
By his second assignment of error Eskine asserts that the trial court erred in reducing his award by fifty percent. In support thereof he relies on Franklin v. Oilfield Heavy Haulers, 478 So.2d 549 (La. App. 3 Cir.1985). Franklin involves a personal injury action brought by an employee against third parties. Where the trial court found the employer forty percent negligent and the third parties forty percent and twenty percent negligent respectively the employer's negligence was not considered in the apportionment of fault. The employer paid worker's compensation benefits to the employee and was therefore immune. However, the court held that plaintiff was entitled to the full amount of the damage award with two-thirds and one-third owed by the third parties respectively. Such a holding is mandated by Louisiana Civil Code article 2324, before its 1987 amendment, which controls this issue.[1]
The statute operates to hold joint-tortfeasors solidarily liable so long as the recovering party has a lesser degree of fault. *1162 In discussing comparative negligence Professor Wade concedes that when one tortfeasor is entitled to employer's immunity by virtue of the worker's compensation law, it unfairly discriminates against third party tortfeasors because they are deprived of a right of contribution. Wade, "Comparative NegligenceIts Development in the United States and Its Present Status in Louisiana" 40 La.L.R. 299 at 316 (1980). With the 1987 amendment, Louisiana Civil Code article 2324 has been revised to hold parties liable only for their virile share of fault.
However, because we are dealing with events that occurred before 1987; the effective date of the amendment, the trial court erred in reducing Eskine's award by fifty percent.
RTA, as a solidary obligor, is liable for the full amount of Eskine's damages because the City of New Orleans was a statutorily immune employer. See Senez v. Grumman Flxible Corp., et al., 518 So.2d 574 (La.App. 4th Cir.1987), writ denied, 521 So.2d 1151 (La.1988).
By his third assignment of error, Eskine asserts that the trial court erred in failing to award reasonable attorney fees against intervenor. Relying on Moody v. Arabie, 498 So.2d 1081 (La.1986) he argues that an employer may be charged with a proportionate share of the reasonable and necessary costs of recovery, including attorney's fees, incurred by an injured worker in a suit against a third person. We agree with Eskine that Moody is controlling under these facts.
The pertinent facts of the Moody case are similar to those in the instant case. An employee injured during the course of employment and receiving worker's compensation benefits for his injury sues third persons for damages and his employer intervenes. The Supreme Court held that the employer is obliged to pay a portion of the attorneys' fees out of its share.
Eskine initiated and pursued this claim against RTA. It was largely a result of this preparation and litigation that the City of New Orleans is being reimbursed at all. Broussard, Broussard & M, Ltd. v. State A. & C.U. Co., 287 So.2d 544 (La.App. 3 Cir.1973), writ ref'd, 290 So.2d 908 (La. 1974). We find it equitable that the city should reward the successful efforts expended by Eskine's attorneys in proving his claim in proportion to the amount by which it benefited.
The holding in Moody was reached by applying the principles governing the obligations of co-owners to maintain and conserve the common thing "in proportion to their interests."
The court then concluded as follows:
Under these principles the necessary and reasonable costs of recovery are to be apportioned between the worker and the employer according to their interest in the recovery. First the court must determine the employer's proportionate interest in the recovery by determining the ratio of percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery.
Using these principles, the Court developed the following formula for determining the employer's proportionate interest in the recovery:
 Employer's
reimbursement = Employer's share
Recovery from of recovery
 third person
Eskine's total recovery from RTA and Rivas is $37,053.75, including general damages, medical specials, lost overtime and lost wages. The employer, the City in this case, received $10,753.75, which is reimbursement for medical specials and lost wages that were paid. Using the "Moody formula" the City's share of the recovery is as follows:
$10,753.75 = 29%
$37,053.75
Because the City benefited to the extent of 29% of the total recovery they must also bear 29% of the costs.
In its cross-appeal RTA contends that the trial court erred by finding Rivas and RTA liable because the accident occurred only as a result of a policemen *1163 ordering Rivas to move the streetcar. We disagree.
The trial court, the fact finder in this case, had an evidentiary basis for finding RTA jointly liable with the City of New Orleans.
Rivas testified at trial that he proceeded knowing full well that an accident would take place, and Eskine's injury was a reasonably forseeable outcome of the accident. Under a duty/risk analysis, we find that a reasonable fact finder could hold Rivas and RTA liable for this act.
Nor do we agree that it is an abuse of discretion to assign each defendant fifty percent of the fault. Under these facts, where the accident would not have occurred but for the fault of the other, fifty percent is a reasonable appropriation of each party's fault. RTA also alleges that the trial court erred in finding that Eskine was not comparatively negligent. The trial court's finding is supported by the facts.
RTA insists that it is negligence for a person to attempt to lift an object as heavy as the motorcycle in question. However the trial court obviously believed Eskine's testimony that he attempted to lift the motorcycle because it was knocked on top of him and he was trapped beneath it. Thus, we find RTA's argument meritless.
In sum, we find reversible error as to the trial court's reducing Eskine's damages by fifty percent and in its failing to award reasonable attorney's fees against the City of New Orleans.
Accordingly, there will be judgment in favor of plaintiff, Paul Eskine and against RTA and Rivas for the sum of $26,300.00 plus interest and costs. It is further declared that there be judgment in favor of the City of New Orleans and against RTA in the additional sum of $10,753.75 representing the City's intervention, less 29% for attorney fees which goes to Eskine. All other claims are dismissed.
AFFIRMED IN PART. REVERSED IN PART AND RENDERED.
NOTES
[1] Article 2324 provides: He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.

Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution.