ARMSTRONG, Judge.
Defendants General Electric Environmental Services, Inc. (GEESI), and its insurer, Electric Mutual Liability Insurance Company (EMLIC), appeal from a judgment in favor of plaintiff, Edgar C. Melton, who was injured when a piece of heavy industrial equipment which had been loaded onto a flatbed tractor-trailer truck by GEESI employees, rolled off the truck and injured his foot. During the course of this incident plaintiff also sustained an injury to his neck. Plaintiff appealed the jury’s finding of fault on his part. We now reverse and remand.
On August 23, 1983, plaintiff was employed as a boilermaker by Steel Tank Construction Company (Steel Tank) and was working at Tenneco Oil Company’s Chal-mette Refinery. At the time of his alleged injury plaintiff was directing the unloading of a flatbed truck carrying three pieces of heavy industrial equipment — two “cyclones” and one “dipleg” — which had been loaded by GEESI personnel at the yard of Magnolia Transportation Company, Inc. (Magnolia). The flatbed truck was leased to Magnolia and was driven by Magnolia’s employee, Don Domingue. Domingue chained down the loaded equipment on his truck and transported it to Tenneco’s refinery in Chalmette.
As plaintiff was directing the off-loading of the truck at the refinery, one of the cyclones, which was being lifted by a crane, struck the dipleg, causing it to roll off the truck and injure his foot. He also suffered trauma to his neck.
Plaintiff filed suit against GEESI, its insurer, EMLIC, Magnolia and its insurer, Insurance Company of the State of Pennsylvania (ICSP), and a number of other parties. Steel Tank and its worker’s compensation insurer, American Motorists Insurance Company, Kemper Group (AMIC), intervened seeking reimbursement of worker’s compensation benefits it had paid or would be obligated to pay in the future. Plaintiff settled his claims against most of the defendants before trial and settled with Magnolia and ICSP on the first day of trial. Over the objection of counsel for GEESI, the trial court sent the case to the jury without an interrogatory as to the fault of plaintiff’s employer, Steel Tank, despite, arguably, some evidence of such fault. The jury returned a verdict and assigned fault at 20% to plaintiff, 20% to Magnolia, and 60% to GEESI. Total damages were assessed at $1,011,500.00.
On appeal GEESI (reference to GEESI will include it and its insurer EMLIC) cites five specifications of error by the trial court. We need only address one.
GEESI claims the trial court erred by not submitting an interrogatory to the jury regarding the fault of plaintiff’s employer, Steel Tank, despite evidence of negligence on its part. Plaintiff, on the other hand, argues that the fault of his employer is irrelevant because it is immune from liability in tort, and in any case, there is no evidence of negligence on its part alone.
The record evidence furnishes some evidence from which a jury could have found Steel Tank at fault in causing the accident. There appears to be some question about the procedures used in unloading the truck — this was the apparent basis for the jury’s finding of fault on the part of plaintiff individually. Although it appears that plaintiff was directing the unloading opera *100 tion, there were other Steel Tank supervisors on the site. We cannot say what the jury would have found had it been presented with an interrogatory directing it to determine whether Steel Tank was at fault, and if so, its proportion of fault. If the trial court should have included such an interrogatory, its failure to do so cannot be considered a harmless error simply on the ground that there was no evidence on which the jury could base a finding of fault on the part of Steel Tank — there was.
Steel Tank was plaintiff’s employer, and under La.R.S. 23:1032, was immune from suit in tort by plaintiff. Under the Louisiana Worker’s Compensation Law, La.R.S. 23:1021 et seq., an employee gives up the right to sue his employer in tort and recover from it the full measure of his damages for job-related injuries. In turn, the employer, regardless of its fault in causing or contributing to the accident and injury, agrees to provide medical treatment for the employee’s job-related injuries, and payments for loss of the employee’s earning capacity.
If the employee’s injuries have been caused by any fault of a third-party not immune from suit in tort under La.R.S. 23:1032, the employee may claim worker’s compensation benefits and bring an action in tort against the third-party. The immune employer may also bring an action against the third-party to recover compensation benefits it has paid to or on behalf of its employee. La.R.S. 23:1101.
It is not disputed that Steel Tank, as plaintiff’s employer, could not be held directly liable to plaintiff in tort. GEESI argues, however, that using comparative fault principles, its liability to plaintiff could have been reduced by the share of fault apportioned by the jury to Steel Tank.
Louisiana adopted a comparative fault system in 1979, when it amended La.C.C. arts. 2323 and 2324, by Acts 1979, No. 431. La.C.C. art. 2323 was amended to provide:
“When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.”
La.C.C. art. 2324 was amended to provide:
“He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
“Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more that the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution.”
Both of these codal articles were in this form at the time of plaintiff’s accident.[1] In the instant case the jury found GEESI to be 60% at fault in causing the accident, Magnolia, 20%, and plaintiff, 20%. For any portion of fault assessed against Steel Tank to have legally affected GEESI’s liability, under La.C.C. art. 2324, GEESI’s share of fault would have had to have been less than that assessed to plaintiff.
GEESI cites the court to La.C.C.P. art. 1812, which provides for special verdicts and was amended in 1983, and states in part:
C. “In cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to:
* * * * * *
*101 (2) If appropriate, whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.”
The 1983 amendment added the parenthetical phrase “whether party or not” to make it clear that, as long as there was a possibility that an actor may have been at fault in causing plaintiff harm, the jury should assess his percentage of fault. In Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984), the Louisiana Supreme Court explained the purpose and reason for the amendment:
“With the adoption of comparative fault ... the fault or non-fault, and the percentage of fault attributable to each person whether party to the lawsuit or not, has become relevant in the determination of damages to which an injured plaintiff is entitled.”
In Lemire, the plaintiff sued a private corporation, N.O.P.S.I., and a public agency, the S & WB. By law, plaintiff could not try his case against the S & WB before a jury. Accordingly, he proceeded to try his case against N.O.P.S.I. before a jury, and his case against the S & WB before a judge. At the request of plaintiff, the trial court submitted interrogatories to the jury concerning the fault, and percentage of fault, attributable to the S & WB. Reversing a ruling by this court in an application for writs filed by the S & WB, the Supreme Court held that:
“Absent a waiver by all parties, pursuant to La.C.C.P. art. 1812, the court is required to submit to the jury written questions to determine the percentages of fault of all involved persons, even nonparties such as the S & WB.” (emphasis ours)
This court has previously cited La.C.C.P. art. 1812, in dictum, for the proposition that it is appropriate for a jury to consider whether an employer bears any of the fault for an accident resulting in the injury of its employee. In Morrison v. J.A. Jones Construction Company, Inc., 537 So.2d 360 (La.App. 4th Cir.1988), not only did the jury consider and apportion a percentage of fault to the employer, but the trial court cast the employer liable in tort, as a soli-dary obligor with a third-party tortfeasor, for its employee’s damages. Although we recognized that it was proper for the jury to consider the fault of the employer under La.C.C.P. art. 1812, we held that because the employer was immune from tort liability to the plaintiff, its employee, it should not have been cast in judgment against the plaintiff. In commenting on La.C.C.P. art. 1812, this court did not cite Lemire, supra, or any other case on that issue.
In Nance v. Gulf Oil Corporation, 817 F.2d 1176 (5th Cir.1987), the court, citing Lemire, supra, held that the district court erred when it refused to include on the verdict form an interrogatory pertaining to the percentage of fault attributable to plaintiff’s employer, even though the employer was not a party to the suit. The Nance court reached this result because it reasoned that, since the adoption of comparative fault in Louisiana, the percentage of fault assessed against the third-party could be reduced by the fault attributed to the employer, and accordingly, the liability of the third-party tortfeasor to the plaintiff could possibly be reduced.
Even if the trial court erred by failing to submit an interrogatory to the jury regarding the fault of Steel Tank, it would not be reversible error unless GEESI could have either sought indemnity and contribution from Steel Tank according to its proportion of fault, or had its ultimate liability to plaintiff incidentally reduced under La.C.C. arts. 2323 and 2324 by the apportionment of fault to Steel Tank. This is the disposi-tive issue on appeal.
The most often cited case on the issue of a third-party tortfeasor’s right to have its liability to an employee incidentally reduced by the fault of a negligent employer is Franklin v. Oilfield Heavy Haulers, 478 So.2d 549 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1330, 1331 (La.1985). In Franklin, the appellate court, citing La. R.S. 23:1101, which expressly provides that *102 an injured employee has an action against a third-party tortfeasor in addition to his worker's compensation claim, held that the trial court erred when it reduced the liability of two third-party tortfeasors by the percentage of fault assessed by the jury against plaintiffs employer. The court stated:
“We are of the opinion that the trial judge erred in considering [the employer’s] negligence. Because it paid worker’s compensation benefits to Franklin, [the employer] is immune from all tort liability. We believe that allowing the apportionment of fault to include the negligence of an employer (by way of reduction of the plaintiff’s recovery) erodes the [worker’s compensation] system. Therefore, the judge should have held the two defendants before the court liable for the full amount of plaintiff’s damages. [The employer’s] negligence, if in fact, there was any, is immaterial under the circumstances.”
If we limit the holding in Franklin to cases presenting the same factual circumstances, it only operates to prevent the reduction of a third-party tortfeasor’s liability by the fault of the employer when there is no fault attributed to the plaintiff/employee. Under La.C.C. arts. 2323 and 2324 as in effect at the time of Franklin’s accident — and Melton’s accident in the instant case — a joint tortfeasor’s liability could only be reduced to its proportionate share of fault if that share of fault was less than that attributed to a contributorily negligent plaintiff. As no fault was attributed to the plaintiff/employee in Franklin, the third-party tortfeasor could not have had its liability to the plaintiff affected by the fault of any joint tortfeasor, whether that joint tortfeasor was the plaintiff’s employer or not. Strictly speaking, the fault of any joint tortfeasor would, in such a case, be irrelevant except for purposes of contribution, which, as will be explained later, is not consistent with the worker’s compensation scheme.
It does appear, however, that the thrust of the Franklin court’s holding was that an employer’s fault can have no effect whatsoever on a third-party tortfeasor’s liability to a plaintiff/employee. Nevertheless, in most of the Louisiana cases citing Franklin for this proposition, the third-party tortfeasors could not have had their liability to the plaintiff reduced because, as in Franklin, there had been no finding of contributory negligence on the part of the plaintiff. See Thompson v. PetroUnited Terminals, Inc., 536 So.2d 504 (La.App. 1st Cir.1988), writs denied, 537 So.2d 212, 213 (La.1989); Snyder v. Taylor, 523 So.2d 1348 (La.App. 2d Cir.1988), writs denied, 531 So.2d 267, 268 (La.1988). But see Weber v. Caterpillar Machinery Corporation, 542 So.2d 544 (La.App. 5th Cir.1989), writs denied, 548 So.2d 332, 334 (La.1989), where the court, in reapportioning fault among the parties, cited Franklin in holding that an employer’s fault cannot be considered in apportioning fault under a comparative fault scheme.
This court has cited Franklin in two cases involving the issue of the effect of an employer’s fault on the tort liability of a third-party tortfeasor. The first case was Senez v. Grumman Flxible Corp., 518 So.2d 574 (La.App. 4th Cir.1987), writ denied, 521 So.2d 1151 (La.1988), where we found that there was “neither allegation nor evidence that Senez [the plaintiff/employee] was negligent.” This made the question of employer fault irrelevant. We went on to say, however, that there was “scarcely any evidence” of employer fault, and that, even assuming there was, under Franklin, the issue should not have been submitted to the jury. The reference to Franklin was not necessary and we consider it to be dictum.
In the second case, Eskine v. Regional Transit Authority, 531 So.2d 1159 (La.App. 4th Cir.1988), we held that the trial court erred in reducing the liability of a third-party tortfeasor by the 50% proportion of fault attributed to plaintiff’s employer because, under the applicable law, a joint tortfeasor’s liability could have been reduced only if its share of fault was less than the fault assessed to the contribu-torily negligent plaintff/employee. The plaintiff in Eskine, as in Franklin, had not been found contributorily negligent. Thus, *103 there was no dispute but that the third-party tortfeasor was liable for the whole of plaintiffs damages in tort.
There is only one reported Louisiana case subsequent to Franklin where a third-party tortfeasor’s liability has been incidentally reduced by the effect of the fault of an employer. In Trosclair v. Terrebone Parish School Board, 489 So.2d 1293 (La.App. 1st Cir.1986), writs denied, 493 So.2d 644, 647, 649 (La.1986), the decedent-employee was killed in an on-the-job accident. The trial court failed to apply comparative fault principles. On appeal, an en banc panel of the court apportioned fault at 50% to the the third-party tortfeasor, 40% to the decedent, and 10% to the decedent’s employer. The court also held that the third-party tortfeasor was liable for her percentage of the damages as well as decedent’s employer’s percentage, but said she had a right of contribution against the employer for its 10% share of fault. The Trosclair court did not mention the Franklin ease, which had been decided some seven months earlier. However, in Thompson, supra, the same court followed Franklin (unnecessarily) when it reversed the trial court’s reduction of plaintiff/employee’s award by the percentage of fault allocated to his employer.
The holding in Franklin has been roundly criticized for the obvious inequity of its result. Justice Lemmon, concurring in the Louisiana Supreme Court’s denial of an application for writ of certiorari to the Second Circuit Court of Appeal in Snyder v. Taylor, supra, stated:
“The holding of Franklin is totally illogical. It allows an employer (or coem-ployee) to be totally relieved of liability in tort (even if the employer is 99% at fault), thereby placing all responsibility for damages on the joint tortfeasor (who may be only 1% at fault), and further allows the employer to recover all compensation payments. Thus, the employer, no matter how great his fault, totally escapes both tort and compensation responsibility. It would be vastly more just to apportion the fault between the tortfeasors and to allow the plaintiff to recover against the non-employer tort-feasor the appropriate proportion of his tort damages and to recover against the employer the appropriate proportion of the employer’s compensation liability, or to fashion some similar relief based on logic and fairness.”
See denial of writ at 531 So.2d 267 (La.1988), concurrence at 532 So.2d 750.
Supporters of the holding in Franklin argue that an employer cannot be a joint tortfeasor because under the worker’s compensation scheme he is immune from suit in tort by his employee. This argument is somewhat misplaced. Under the worker’s compensation scheme an employer is immune from liability in tort to his employee; it limits the liability of the employer to its employee (except for an intentional act) to the legislatively determined compensation benefits. There is nothing in this so-called immunity provision, La.R.S. 23:1032, which would operate to prohibit an employer from being considered a joint tortfeasor for purposes of apportioning fault among itself, a third-party tortfeasor, and its employee. As long as the employer is not liable to its employee for tort damages, the worker’s compensation scheme is not offended.
It is also argued that under the worker’s compensation scheme, specifically La.R.S. 23:1101, an employee is given the unqualified right to bring an action against a third-party tortfeasor. At the time of plaintiff’s accident R.S. 23:1101 stated:
“When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee’s rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of *104 damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.”
The “legal liability” spoken of in R.S. 23:1101 can only refer to the liability of the third-party tortfeasor under the applicable Louisiana negligence law. At the time of plaintiffs accident the liability of a tortfeasor was determined using the comparative fault principles set out in La.C.C. arts. 2323 and 2324. R.S. 23:1101 provides that an eligible person can accept compensation benefits and still bring an action against the third-party tortfeasor. We do not read the clause “shall not affect the claim or right of action” to mean that because the legislature has set compensation as the sole remedy against the employer, the third-party tortfeasor shall be held liable for the full measure of plaintiffs tort damages regardless of its fault, when the applicable Louisiana tort law expressly limits the liability of all tortfeasors to their proportionate share of fault when it is less than that of the contributorily negligent plaintiff.
Reducing a plaintiff/employee’s recovery from the third-party tortfeasor under these circumstances does not affect the legislative function as it relates to the worker’s compensation scheme, nor does it erode the worker’s compensation system. Doing so is simply applying the comparative fault principles adopted by the legislature in 1979. The contributorily negligent employee receives worker’s compensation benefits and recovers damages in tort according to the applicable tort law. The employer pays compensation to its injured employee, and as will be explained, can recover the compensation paid in proportion to the amount of damages his employee recovers in tort. The third-party tortfeasor is only bound to pay damages in tort to the injured employee according to the applicable tort law.
We hold that under La.C.C. arts. 2323 and 2324, as in effect at the time of accident in the instant case, GEESI, the third-party tortfeasor, could have had its liability to Melton, the plaintiff/employee, reduced to its proportionate share of fault — and thus not be liable for the share of fault attributed to the employer — if its share of fault was less than that attributed to the contributorily negligent plaintiff/employee, Melton. The fault of plaintiff’s employer, Steel Tank, directly impacts the proportion of fault assessed to GEESI, and thus, the possibility that its proportionate share will be less than that assessed to Melton. Therefore, the trial court erred in failing to submit to the jury an interrogatory, as provided under La.C.C.P. art. 1812, requiring it to consider the negligence of Steel Tank, and if found negligent, to apportion a percentage of fault to it.
We discard the idea of contribution between third-party tortfeasors and negligent employers because it would clearly offend and defeat a basic premise of worker’s compensation law — that the extent of an employer’s liability to its employee for job related injuries is limited to worker’s compensation benefits. See generally, Gifford v. Aurand Manufacturing Company, 207 So.2d 160 (La.App. 4th Cir.1968), writs denied, 252 La. 113, 209 So.2d 41 and 252 La. 115, 209 So.2d 41 (1968); LeJeune v. Highlands Insurance Company, 287 So.2d 531 (La.App. 3rd Cir.1973), writ denied, 290 So.2d 903 (La.1974).
If as we have held, the liability of a third-party tortfeasor can be reduced to its proportionate share of fault — and thus not be liable to the plaintiff/employee for the share of fault attributed to an employer— to what extent is the employer’s right to seek the return of compensation benefits it has paid the employee affected? La.R.S. 23:1101, in addition to providing that an employee’s right against a third-party tort-feasor shall not be affected by his receipt of compensation benefits from his employer, also provided at the time of plaintiff's accident that:
“Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or *105 become obligated to pay as compensation to such employee or his dependents.”
Franklin held that an employer’s right to reimbursement of compensation it has paid its employee is not affected by its negligence. The court in Franklin stated:
“LSA-R.S. 23:1101 allows the employer a right to recovery of benefits it paid, without qualification....”
The court noted that the statute had just been amended, by Acts 1985, No. 931, Sec. 1, to provide that when the recovery by the employee of damages in tort is reduced as a result of comparative negligence,-the recovery by the employer of benefits must be reduced by the same percentage. But it found no evidence that the legislature had acted to allow a reduction based on the employer’s negligence.
In reaching its decision on this issue the Franklin court relied on a Louisiana Supreme Court decision. In Vidrine v. Michigan Millers Mutual Insurance Company, 263 La. 300, 268 So.2d 233 (1972), the court, in an opinion authored by the late Justice Albert Tate, initially held that the imputed (from one of plaintiff’s co-employees) contributory negligence of plaintiff’s employer barred it from recovering any of the compensation benefits it had paid to plaintiff. Later, on rehearing, the court reversed itself and interpreted La.R.S. 23:1101 to give the employer an unqualified right to reimbursement of benefits it had paid, regardless of its contributory negligence. Three justices, Tate, Dixon, and Hamlin, dissented from the decision on rehearing.
Vidrine was decided before Louisiana’s adoption of comparative fault principles in 1979. At the time Vidrine was decided, an employer could not recover from a third-party tortfeasor compensation benefits it had paid its employee, if that employee was barred from recovering tort damages because of his contributory negligence. See Lalande v. Index Geophysical Survey Corporation, 336 So.2d 1054 (La.App. 3rd Cir.1976); Tri-State Insurance Company v. Tidewater Trailer Mfg. Company, 312 So.2d 353 (La.App. 2d Cir.1975).
In Chatelain v. Project Square 221, 505 So.2d 177 (La.App. 4th Cir.1987), writs denied, 508 So.2d 71, 74 (La.1987), this court recognized that after the adoption of comparative fault, even before the legislature amended La.R.S. 23:1101, the recovery by an employer of compensation benefits from a third-party tortfeasor was proportionately limited to the tort recovery by the employee. Interpreting R.S. 23:1101, we stated:
i!The intent was always that the employer/insurer receive back the amount paid out in compensation up to the amount the employee received as an award in his tort suit.”
. Our analysis in Chatelain emphasizes that the recovery of compensation by the employer is dependent upon, and should be proportionately equal to, the amount the employee recovers in tort from the third-party tortfeasor(s). We have held that the third-party tortfeasor in the instant case, GEESI, may have its liability to plaintiff/employee reduced to its proportionate share of fault if it is less than that attributed to that contributorily negligent plaintiff. Thus, the plaintiff/employee’s recovery could be reduced by the effect of his comparative fault, as well as the incidental effect of his employer’s comparative fault. If the recovery of compensation benefits is to be in proportion to plaintiff’s tocal tort recovery, it should not matter that the total recovery is reduced partly because of his own fault and partly because of the fault of his employer.
As a consequence of our holding that plaintiff’s tort recovery can be incidentally reduced by Steel Tank’s comparative fault, the recovery from GEESI by Steel Tank— and its worker’s compensation insurer, AMIC — of applicable compensation benefits, shall be in proportion to the recovery by plaintiff of tort damages from GEESI.[2]
*106 To hold otherwise, and incidentally reduce the plaintiff's tort recovery by the effect of the employer’s proportionate share of fault while allowing the employer to recover compensation benefits subject only to a reduction by the share of fault attributed to the plaintiff, would disproportionately impact the plaintiff, and would not be a proper application of comparative fault principles.
The jury should have heard the evidence and apportioned fault among all negligent parties, including Steel Tank. Having reached this determination we must decide whether to examine the record evidence and examine the conduct of all alleged tort-feasors, including Steel Tank, and render a decision, or remand this matter to the trial court for a re-trial.
We are concerned that the interest of Steel Tank and its worker’s compensation insurer, AMIC, might have been different at the earlier trial had they known for certain that the recovery of compensation benefits was dependent upon the recovery by plaintiff of tort damages from third-party tortfeasors, and incidentally, on the percentage of fault assessed Steel Tank for its role in causing the accident and injury. The holding in Franklin, both regarding the incidental reduction of a plaintiff’s recovery from a third-party tortfeasor by the fault of his employer, as well as the rule that an employer’s recovery of compensation benefits from the third-party tort-feasor should not be diminished by its fault, was widely followed by courts in this state. In dictum, this court had cited Franklin for the former rule.
The record indicates that counsel for AMIC was present during trial. Apparently, Steel Tank did not retain or have its own counsel for trial. The record reflects that counsel for AMIC did not present any witnesses, or more important!y, cross-examine any witnesses presented by other parties. It was stipulated by the parties that AMIC had paid to or on behalf of plaintiff, $41,170.00 in compensation benefits and $32,277.38 in medical expenses — a total of $73,447.38.
Counsel for plaintiff may have presented a different case had he been certain that plaintiff’s recovery could be incidentally reduced by the fault of his employer. Although at trial, GEESI brought out some evidence of possible fault on the part of Steel Tank, one wonders whether it would have stressed this part of its defense more had it been certain that the fault of Steel Tank would be considered by the jury, and perhaps result in reduced liability.
Because there is a strong possibility that the record before us does not contain all of the facts which might be brought out in a re-trial of this matter with full knowledge that the fault of Steel Tank can incidentally affect the liability of GEESI and hence, plaintiff’s recovery, as well as the recovery by Steel Tank and its insurer, AMIC, of worker’s compensation benefits, we distinguish it from the case of Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), where the court had all of the facts before it. In the instant case, considerations of judicial economy are outweighed by concerns of fairness and justice to the litigants.
For these reasons we will remand this case to the trial court for a re-trial of all claims.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.

. Although La.C.C. art. 2324 was amended in 1987, the amendment is a change in the substantive law, and therefore, is to be applied prospectively only. See La.C.C. art. 6; Morrison v. J.A. Jones Construction Company, Inc., 537 So.2d 360 (La.App. 4th Cir.1988).

. Plaintiff settled his claim against Magnolia, the second third-party tortfeasor, apparently with an agreement between Steel Tank and AMIC regarding Magnolia’s liability for compensation benefits other than those for which Steel Tank and AMIC might become obligated to pay in the future.