DOMENGEAUX, Chief Judge.
Mary K. Guidry, individually and on behalf of her two minor children, Yancey Joseph Guidry and Jade Michael Guidry, sued Exxon Corporation, Frank J. Guidry Oil Company, Inc., and Guidry Oil’s insurer, Fireman’s Fund Insurance Co., for the wrongful death of her husband, Jessie Gui-dry, who died from injuries resulting from an explosion and fire at his place of employment. Guidry’s employer, Louisiana Swabbing Co., and its insurer, Pacific Marine Insurance Co. intervened for reimbursement of worker’s compensation benefits paid to the widow and minors.
After a jury trial, fault was allocated at 35% to Guidry Oil, 45% to Jessie Guidry, 0% to Exxon, and 20% to Louisiana Swabbing “or any other party or parties.” The jury set damages at $142,000.00 for Mary Gui-dry and $192,000.00 for each minor child, plus lost wages of $532,000.00 and medical and funeral expenses of $9,122.44. The trial judge determined that plaintiffs were entitled to recover only 35% of their damages because of the decedent’s comparative fault and his employer’s statutory immunity from tort liability.
Plaintiffs appealed, assigning as error the jury’s allocation of fault, the trial court’s determination that plaintiffs’ recovery is limited to 35% of their damages, and the trial court’s directed verdict in favor of Exxon on the question of vicarious liability for the negligence of Guidry Oil. We affirm in part, reverse in part, and render.
FACTS
On May 13, 1985, Jessie Guidry arrived at work at approximately 5:00 a.m. and began loading two 55-gallon drums with diesel fuel. The drums were located in the bed of a pickup truck. Shortly after Gui-dry began pumping the fuel, an explosion and fire occurred. Guidry, who had been standing in the bed of the pickup truck with the diesel nozzle in hand, was severely burned over 95% of his body. He died several hours after the fire at a Baton Rouge burn unit.
The evidence adduced at trial reveals that the diesel fuel at Louisiana Swabbing was manufactured by Exxon Corp. and was delivered to Louisiana Swabbing by Guidry Oil, an Exxon distributor, several days before the accident. After the fire, the diesel was found to have been contaminated with a small amount of gasoline, creating a potentially explosive mixture. The evidence further revealed that Jessie Guidry was a smoker and that his employer, Louisiana Swabbing, did not have any “No Smoking” signs or safety practices pertaining to its fueling area.
Plaintiffs’ primary allegation of negligence against Guidry Oil is that the diesel fuel delivered to Louisiana Swabbing was contaminated with gasoline at the time of delivery and that Guidry Oil had caused the contamination by improper storage and delivery procedures. Exxon was alleged to be strictly liable as the manufacturer of the diesel for failure to warn of a foreseeable misuse of its product. Plaintiffs further alleged that Exxon should be liable for the acts of Guidry Oil, an independent contractor, because Exxon maintains operational control over Guidry Oil and expressly or impliedly authorized unsafe practices. The defendants pleaded the comparative negligence of Jessie Guidry in causing the fire by smoking or lighting a cigarette in the fueling area.
ALLOCATION OF FAULT
Our review of the record before us reveals conflicting factual testimony and widely varying opinions on the cause of the fire. However, we do not believe the jury findings are manifestly erroneous; rather, we believe the factual findings concerning fault were reasonable in light of the evidence presented.
In apportioning 45% comparative negligence to Jessie Guidry, the jury must have believed that Guidry was either smoking or lighting a cigarette at the time of the accident. The jury must have also believed that Guidry’s act provided the ignition source for the fire. The jury chose to *610 believe an independent eye witness and two experts on this point rather than Guidry’s coemployees and his expert who suggested static electricity as the ignition source. These findings are not manifestly erroneous.
The allocation of 35% fault to Gui-dry Oil indicates the jury agreed that the diesel fuel at Louisiana Swabbing was contaminated with gasoline when it was delivered by Guidry Oil and that mixture provided the fuel for the fire which killed Jessie Guidry. While this is certainly a significant causative factor, we cannot say the jury erred in assigning less fault to the party who fueled the fire than to the party who ignited the fire.
Louisiana Swabbing was found to be 20% at fault in causing this accident. The jury apparently believed that Louisiana Swabbing’s failure to post “No Smoking” signs in the fueling area and failure to enact safety procedures for fueling activities contributed to the fire. This finding is not manifestly erroneous.
Finally, the jury exonerated Exxon of all liability and, in doing so, rejected plaintiffs’ argument that Exxon breached its duty to warn of a foreseeable misuse of its product. The record shows that both the Guidry Oil and Louisiana Swabbing employees knew of the dangers of mixing diesel and gasoline. Furthermore, Exxon provided Guidry Oil with a “technigram” explaining those dangers. In light of this evidence, we cannot say the jury erred in finding no negligence or strict liability on the part of Exxon.
VICARIOUS LIABILITY
The trial court granted Exxon’s motion for directed verdict on the issue of Exxon’s vicarious liability for the actions of Guidry Oil. Plaintiffs alleged that even though Guidry Oil is an independent contractor, the contractual relationship between the two dictated that Exxon retain operational control over Guidry Oil to insure the quality of its products. After reviewing the applicable jurisprudence, the trial judge determined the evidence presented by the plaintiffs “[did] not support the operational control required to make Exxon liable for Guidry [Oil]’s acts.” We agree with this finding.
Guidry Oil was required to implement Exxon’s quality control procedures and follow EPA regulations. The Exxon logo was prominent on Guidry Oil products which provided an advertising advantage for Gui-dry Oil. In all other respects, however, Guidry Oil was fully independent from Exxon. According to their contract, Exxon had no right to control the operations and day to day affairs of Guidry Oil.
After reviewing the plaintiffs’ evidence, we find the trial court did not err in finding, as a matter of law, that the relationship between Exxon and Guidry Oil was that of principal and independent contractor and that Exxon did not retain the right-to control the operations of Guidry Oil. See Guillory v. Conoco, Inc., 521 So.2d 1220 (La.App. 3d Cir.1988), writ denied, 526 So.2d 801 (La.1988), and cases cited therein.
APPORTIONMENT OF FAULT TO LOUISIANA SWABBING
Before rendering judgment in the case before us, the trial judge carefully and thoroughly reviewed the issue of how to apportion the 20% fault assigned to Louisiana Swabbing. Louisiana Swabbing was Jessie Guidry’s employer and was therefore not a named defendant; it was included on the jury verdict sheet by agreement of all parties. Because Louisiana Swabbing cannot be held liable to the plaintiffs in tort, the question before us is which party should bear the employer's share of fault in causing this accident.
The rule that an employer’s fault should not be considered in apportioning liability among negligent parties was established in Franklin v. Oilfield Heavy Haulers, 478 So.2d 549 (La.App.3d 1985), writs denied, 481 So.2d 1330, 1331 (La.1986). Noting that the employer’s fault was irrelevant to the plaintiff’s third party tort action, this court held that “allowing the apportionment of fault to include the negligence of an employer (by way of reduction of the plaintiff’s recovery) erodes the [worker’s *611 compensation] system.” The plaintiff, who was not comparatively negligent, was allowed to recover 100% of his damages.
The only other case from this Circuit to address the issue presented herein is Guidry v. Sam Grimmett, Inc., 557 So.2d 249 (La.App.3d Cir.1989), writ denied, 558 So.2d 557 (La.1990). In Guidry, fault was assessed at 40% to the defendants, 40% to the plaintiff, and 20% to the plaintiffs employer. The Franklin case was followed and the plaintiff was allowed to recover 60% of his damages.
Other courts of this state have followed Franklin and have not considered the negligence of the employer in apportioning fault for the employee’s injury. Mitchell v. Clark Equipment Co., 561 So.2d 175 (La.App. 5th Cir.1990); Weber v. Caterpillar Machinery Corp., 542 So.2d 544 (La.App. 5th Cir.1989), writs denied, 548 So.2d 332, 334 (La.1989); Morrison v. J.A. Jones Construction Co., Inc., 537 So.2d 360 (La.App. 4th Cir.1988); Thompson v. PetroUnited Terminals, Inc., 536 So.2d 504 (La.App. 1st Cir.1988), writs denied, 537 So.2d 212, 213 (La.1989); Eskine v. Regional Transit Authority, 531 So.2d 1159 (La.App. 4th Cir.1988); Snyder v. Taylor, 523 So.2d 1348 (La.App.2d Cir.1988), writs denied, 531 So.2d 267, 268 (La.1988); Senez v. Grumman Flexible Corp., 518 So.2d 574 (La.App. 4th Cir.1987), writ denied, 521 So.2d 1151 (La.1988). But see Trosclair v. Terrebonne Parish School Board, 489 So.2d 1293 (La.App. 1st Cir.1986), writs denied, 493 So.2d 644, 647, 649 (La.1986). In none of these cases, however, has an employee’s negligence been greater than the third party tortfeasor’s negligence, as in the case before us.
We must decide, then, whether the rationale of Franklin applies to increase the liability of a third party defendant whose negligence is less than that of a plaintiff’s decedent. In order to decide this question, a discussion of La.C.C. art. 2324 is required. At the time of this accident, May 13, 1985, Article 2324 provided as follows:
He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
Persons whose concurring fault has caused injury, death, or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution.
Article 2324 describes the rights and obligations of solidary obligors, those who share a common liability in tort. While it is true that a statutorily immune employer may be at fault in causing an accident, the employer can never be liable to his employee for tort damages (absent an intentional tort), nor can he be liable for indemnity or contribution in favor of any third party tortfeasors. Article 2324, therefore, does not apply to an employer’s negligence and cannot operate to diminish an employee’s recovery by his employer’s share of negligence.
This does not mean, however, that we should ignore Article 2324. In cases where the plaintiff is attributed with a greater share of fault than the defendant, Article 2324 serves to relieve the defendant from the full share of an employer's negligence. Otherwise, the defendant would have to pay all of the plaintiff’s damages, excluding the plaintiff’s share of fault, as in Guidry v. Sam Grimmett, Inc., where the plaintiff and defendant were equally negligent.
We hold, therefore, that a reasonable interpretation of the law requires a third party defendant be assessed only that portion of the employer’s negligence that corresponds to his percentage of fault vis-a-vis the plaintiff. The plaintiff to whom a greater degree of negligence has been attributed is likewise assessed that portion of the employer’s negligence that corresponds to his percentage of fault vis-a-vis the defendant. This reapportionment of fault does not violate Article 2324 because it *612 merely reassigns negligence in a logical and fair manner to exclude fault assigned to a statutorily immune entity not even a party to the suit.
The trial court should have reapportioned the fault of Louisiana Swabbing between the responsible parties, Guidry and Guidry Oil. Today’s holding reaffirms the Franklin rule which we have quoted herein. By reapportioning Louisiana Swabbing’s fault, we are neither increasing Gui-dry Oil’s fault, nor reducing plaintiffs’ recovery; rather, we have taken Louisiana Swabbing’s fault out of the damage equation and have fairly distributed it among the responsible parties. This was the procedure used in Davis v. Commercial Union Insurance Co., 892 F.2d 378 (5th Cir.1990), a federal case which we believe to be a correct interpretation of Louisiana law.
We decline to follow Melton v. General Electric Co., Inc., 566 So.2d 98 (La.App. 4th Cir.1990), a case which both limits and criticizes Franklin. The Melton court ordered a new trial for the specific purpose of determining the employer’s fault so that the third party defendant’s liability could potentially be reduced to its proportionate share of fault. The jury assigned fault at 20% to the plaintiff, 20% to the first defendant, and 60% to the second defendant. The appellate court ordered the addition of the employer's fault into the equation for the specific purpose of possibly reducing the liability of the second defendant; plaintiff had settled with the first defendant. If, upon retrial, the second defendant’s share of fault is less than the plaintiff’s comparative fault, then the second defendant’s liability will be reduced by the employer’s share of fault. Not only do we believe this to be an incorrect application of Article 2324, we believe it unfairly impacts the plaintiff, disregards the worker’s compensation scheme, and rewards the defendant for the negligence of an employer. (This is the effect of the 1987 amendment to Article 2324, and we recognize that the issue is out of our hands for any cases to which that amendment is applicable.)
Louisiana Swabbing’s 20% fault must be divided between Guidry Oil and the plaintiffs in proportion to their previously determined degrees of fault (S5/so and 4⅝0). Accordingly, Guidry Oil’s portion of the 20% fault is 8.75% and the plaintiffs’ share is 11.25%. Thus, Guidry Oil is responsible for a total of 43.75% of plaintiffs’ damages. Recovery of the employer’s intervention is not at issue and will not be addressed.
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and rendered. That portion of the judgment awarding damages to the plaintiffs is recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs, MARY KNOTT GUIDRY, YANCEY GUIDRY, and JADE GUIDRY and against defendants, FRANK J. GUI-DRY OIL COMPANY, INC. and FIREMAN’S FUND INSURANCE COMPANY in the amount of $232,750.00 (43.75% of $532,000.00), which amount is awarded for loss of support of the plaintiffs;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs, MARY KNOTT GUIDRY, YANCEY GUIDRY, and JADE GUIDRY and against defendants, FRANK J. GUIDRY OIL COMPANY, INC. and FIREMAN’S FUND INSURANCE COMPANY in the amount of $3,991.07 (43.75% of $9,122.44), which amount is awarded for medical and funeral expenses;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, MARY KNOTT GUIDRY, and against defendants, FRANK J. GUIDRY OIL COMPANY, INC. and FIREMAN’S FUND INSURANCE COMPANY in the amount of $62,-125.00 (43.75% of $142,000.00), for general damages sustained as a result of the death of her husband;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, YANCEY GUIDRY, and against defendants, FRANK J. GUIDRY OIL COMPANY, INC. and FIREMAN’S FUND INSURANCE COMPANY in the amount of $84,000.00 (43.75% *613 of $192,000.00), for general damages sustained as a result of the death of his father;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, JADE GUI-DRY, and against defendants, FRANK J. GUIDRY OIL COMPANY, INC. and FIREMAN’S FUND INSURANCE COMPANY in the amount of $84,000.00 (43.75% of $192,000.00) for general damages sustained as a result of the death of his father.
In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Frank J. Guidry Oil Company, Inc.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.