12VICTORY, Justice.
This case involves an automobile accident between a tow truck, which was removing a truck involved in a prior accident from the inside shoulder of 1-49, and a pick-up truck driven by the decedent, Jay Ortego. Louisiana State Troopers were dispatched to the scene of the prior accident and were directing traffic into the right-hand lane of 1-49 so that the tow truck driver could perform his operations in the left-hand lane. During its retrieval operations, the tow truck crossed the center lane into the right lane and was immediately struck in the right lane by the Ortego vehicle.
The parents of the decedent sued the tow truck driver, his employer, the State and the state troopers. After a trial, the jury found no liability on the part of the tow truck driver and his employer and the judge found the state troopers to be 60% at fault in causing the accident. The Third Circuit Court of Appeal affirmed the jury verdict but overturned the trial judge’s finding that the state troopers were liable. Instead, the appellate court found that the sole cause of the accident was the negligence of the decedent, Ortego. Ortego v. Roy Motors, Inc., 95-1638 (La.App. 3rd Cir. 11/27/96), 690 So.2d 780.
We granted a writ in this case to determine whether the lower courts were correct in finding no liability on the part of the tow truck driver and his employer. At oral argument, the Court learned that in the previous week, the plaintiffs had settled with the tow track driver and his employer. Had the Court known this issue would be resolved, this writ would never have been granted. Nevertheless, we have | ¡¡reviewed the record and the applicable law and find no error in the court of appeal’s finding of no liability on the part of the state troopers.
DECREE
For the reasons stated herein, the judgment of the court of appeal is affirmed.
AFFIRMED.
JOHNSON, J., not on panel. Rule IV, Part 2, § 3.